# COMPOSITE EXHIBIT "A"

Filing # 253605753 E-Filed 07/30/2026 10:39:58 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT,
IN AND FOR ESCAMBIA COUNTY, FLORIDA

Mohamad Mikhchi, Christina Stemler
Plaintiff

Case # ____________________
Judge ____________________

vs.
Regions Bank
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



**EXHIBIT**
Composite Exhibit A

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☒ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

9

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Dixie Dan Powell — Attorney or party
Fla. Bar # 603694 — (Bar # if attorney)

Dixie Dan Powell — (type or print name)
07/30/2026 — Date

Filing # 253605753 E-Filed 07/30/2026 10:39:58 AM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**

MOHAMAD MIKHCHI and
CHRISTINA STEMLER, **CASE NO.**

Plaintiffs,

v.

REGIONS BANK d/b/a REGIONS MORTGAGE,

Defendants.
_____________________________________/

# SUMMONS

THE STATE OF FLORIDA
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

YOU ARE COMMANDED to serve this **Summons** and a copy of the **Complaint,** in the above-styled cause on the below named Defendant:

**REGIONS BANK**
**c/o CORPORATION SERVICE COMPANY, as Registered Agent**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**

The Defendant is hereby required to serve written defenses to said Complaint on Plaintiff's attorney, whose name and address is:

**Dixie Dan Powell, Esquire**
**POWELL INJURY LAW**
**2033 W. James Lee Blvd., Crestview, Florida 32536**

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

WITNESS MY HAND SEAL OF SAID COURT on ________________________, 2026.

PAM CHILDERS, CLERK OF THE CIRCUIT COURT

(SEAL) By: ______________________________________
Deputy Clerk

***If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: Court Administration, ADA Liaison ESCAMBIA County, 190 W. Government St, 5th Floor, Pensacola, Florida 32502; Phone 850-595-4400, Fax 850-595-0360, Email ADA.Escambia@flcourts1.gov at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.***

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANTE**

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de las date de l'assignation de cette citation pur déposer une responsif écrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone es insuffisant pur vous protéger. Vous estes obliges de déposer votre responsif écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que el tribunal entende votre cause. Si vous ne déposez pas votre responsif écrite dans le relais requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats où a un bureau d'assistance juridique (figurant à l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une responsif écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier un copie de votre responsif écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

*/s/ Dixie Dan Powell*

**DIXIE DAN POWELL, ESQUIRE**
Fla. Bar No. 0603694
**POWELL INJURY LAW**
2033 W. James Lee Blvd.
Crestview, Florida 32536
P: (850) 306-2667
F: (877) 404-0448
ddp@powellinjurylaw.com
Attorney for Plaintiffs

Filing # 253605753 E-Filed 07/30/2026 10:39:58 AM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**CIVIL DIVISION**

MOHAMAD MIKHCHI and
CHRISTINA STEMLER,

Plaintiff,

**CASE NO.: ___________**
**JURY TRIAL DEMAND**

v.

REGIONS BANK d/b/a REGIONS
MORTGAGE,

Defendants.
____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now Plaintiffs, **MOHAMAD MIKHCHI and CHRISTINA STEMLER** ("Plaintiffs"), sues Defendant, **REGIONS BANK d/b/a REGIONS MORTGAGE** ("Regions" or "Defendant"), and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of jurisdictional limits of this court.
2. This Court has subject matter jurisdiction over this action and venue is proper in Escambia County, Florida because the property at issue is located in Escambia County and because the wrongful acts and omissions occurred, at least in part, in this county.
3. Plaintiffs, Mohamad Mikhchi and Christina Stemler, are at all material times hereto residing in Escambia County, Florida. Plaintiff Mohamad Mikhchi was the owner of the

property located at 3780 Scenic Ridge Dr. Pensacola, FL until it was sold and was/is the owner of the property located at 9320 Scenic Hwy. Pensacola, FL.

4. Defendant Regions Bank d/b/a Regions Mortgage is a financial institution doing business in Florida and at all times material hereto was the lender, loan servicer, and/or holder of loan number 0014137763.

5. On or about March 19, 2008, Plaintiff entered into a mortgage/HELOC transaction with Regions relating to loan number 0014137763.

6. The mortgage referenced a legal description contained in Exhibit A to the loan documents. The property that is in dispute was not included in the mortgage and the legal description attached to the mortgage. A copy of the mortgage and legal description is attached hereto as Exhibit A.

7. Plaintiff contends that Regions had no lawful basis to treat the property commonly known as 3780 Scenic Ridge Dr., Pensacola, FL 32514 as collateral for the disputed force-placed insurance charges, or alternatively had no lawful basis to force-place hazard insurance on that property after the property was sold.

8. The property was sold on or about September 11, 2020 to Joshua Lynch and Ekaterina Lynch.

9. Despite actual notice, or at minimum constructive notice, of the sale and of Plaintiff's dispute, Regions wrongfully force-placed lender placed hazard insurance ("LPI") and charged the premiums to the loan.

10. Regions advanced the following improper charges for forced placed insurance coverage on property that was not included in the HELOC mortgage in the amount of $11,010.00 for 2020, $11,562.00 for 2021 and increasing each year to over $14,000.00 presently. The LPI

policy number 2MR1503575344, effective November 18, 2020 to present is still in place and the premiums are still being forced placed. In addition, Regions has charged accrued interest compounded on the loan and has increased the interest rate. A copy of the charges showing forced placed coverage is attached hereto as Exhibit B.

11. In addition, Regions advanced improper charges for forced placed insurance coverage on the property located at 9320 Scenic Hwy. after the property was destroyed by Hurricane Sally and condemned by Escambia County and determined to be of $0 in value. Regions continued to place forced placed coverage on the property after notice that it was destroyed by Hurricane Sally and of no value. A copy of the Escambia County Property Appraiser's valuation showing no value is attached hereto as Exhibit C and the charges showing forced placed coverage is attached hereto as Exhibit D.

12. These charges were imposed unilaterally, without Plaintiff's consent, without proper legal basis, and in direct disregard of Plaintiff's rights.

13. Plaintiff, through counsel, sent Regions a Notice of Error dated November 5, 2021, clearly identifying the wrongful force-placement of hazard insurance and demanding immediate correction. Plaintiff later sent a further demand and request for correction dated December 13, 2021, and placed Regions on notice for Demand of Treble damages. Those notices put Regions on unmistakable notice that its conduct was disputed and that the charges were being challenged as unlawful, unauthorized, and improper. A copy of the demand letters are attached as Exhibit E.

14. Instead of correcting its error, Regions refused to meaningfully investigate, and continued to insist that the charges were proper. Regions responded by letter dated December 1, 2021,

denied any error, and falsely maintained that the property remained collateral under the mortgage and that the loan had not been satisfied.

15. Regions then refused to cancel the LPI or reverse the charges unless Plaintiff produced proof of current hazard insurance or proof that the loan had been paid in full, even though Plaintiff had already told Regions the charges were improper in the first place.

16. Regions' response was not a good-faith investigation. It was a refusal to acknowledge and correct its wrongful conduct and predatory lending tactics that caused substantial damages and harm to Plaintiff.

17. In addition, Regions refused to cancel or reverse the forced placed insurance charges on 9320 Scenic Hwy. after notice that the property was destroyed and determined to be of no value.

18. Recently, Plaintiffs attempted to pay off the HELOC in full, and paid $480,000.00. Regions advised that the balance on the loan was $570,000.00 and when Plaintiff informed them that additional balance on the loan was for forced placed insurance coverage wrongfully placed on property that was not included in the mortgage, that had been sold and the new owners had insurance coverage of $1.2 million. Regions acknowledged the issue and was to further investigate the matter.

19. As a result of Regions' conduct, Plaintiff suffered substantial damages, including improper account charges, increased balance, interest accrual, loss of equity, credit harm, emotional distress, and other financial injury.

20. On information and belief, Regions also furnished false, misleading, and adverse information about Plaintiff's account to one or more consumer reporting agencies and/or

third parties, including inaccurate balance and delinquency information caused or inflated by the disputed LPI charges. A copy of credit reporting information is hereto as Exhibit F.

21. Given the aforesaid knowledge, Plaintiffs would proffer that Regions acted intentionally, willfully and/or with reckless or wanton disregard of the life, safety and welfare of Plaintiffs, and/or others similarly situated; and, as such, Plaintiffs would be entitled to punitive damages upon establishment in the record; and Plaintiffs reserve the right to amend pursuant to §768.72, Florida Statutes.

**COUNT I**

**VIOLATION OF RESPA / REGULATION X**
**3780 Scenic Ridge and 9320 Scenic Hwy.**
**As to Christina Stemler and Mohamad Mikhchi**

22. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff sent Regions a written Notice of Error concerning the wrongful force-placement of hazard insurance and the improper charging of LPI premiums.

24. The Notice of Error was detailed enough to require a substantive investigation and correction.

25. Regions had a legal duty to reasonably investigate the wrongful conduct, identify the problem, and correct Plaintiff's account.

26. Regions failed to do so.

27. Instead, Regions performed at best a superficial review and then reflexively denied the dispute, despite being put on clear notice that the charge was unauthorized and improper.

28. Regions' failure was unreasonable, wrongful, and caused Plaintiff direct harm.

29. Plaintiff suffered actual damages, including improper charges, increased interest, loss of equity, and other losses.

**WHEREFORE**, Plaintiff requests judgment against Regions for actual damages, statutory damages if available, attorney's fees and costs, **and demands a trial by jury**.

**COUNT II**

**BREACH OF CONTRACT**
**3780 Scenic Ridge and 9320 Scenic Hwy.**
**As to Christina Stemler and Mohamad Mikhchi**

30. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

31. Plaintiff and Regions entered into written loan documents that governed the parties' rights and obligations. See Exhibit A.

32. Regions was required to follow those documents and act within the scope of its contractual authority.

33. Regions breached the contract by wrongfully force-placing insurance, charging the loan for unauthorized premiums, and refusing to correct the account after receiving notice of the wrongful and improper conduct.

34. Regions' conduct was not a harmless mistake. It was a wrongful and material breach that caused ongoing financial injury and damages to Plaintiffs.

35. Plaintiff performed, or was ready, willing, and able to perform, his obligations under the agreement, or performance was excused.

36. As a direct and proximate result of Regions' breach, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff requests judgment for damages, costs, interest, **and demands a trial by jury**.

**COUNT III**

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)**
**3780 Scenic Ridge and 9320 Scenic Hwy.**
**As to Christina Stemler and Mohamad Mikhchi**

37. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

38. Regions engaged in unfair and deceptive acts and practices in the conduct of trade and commerce by: a. force-placing hazard insurance without a proper basis; b. charging Plaintiff's loan for the premiums; c. refusing to correct the account after direct notice; d. maintaining inaccurate balances and charges; and e. misleading Plaintiff regarding the legitimacy of its own conduct.

39. Regions' conduct was likely to mislead a reasonable consumer and was unconscionable, oppressive, and unfair.

40. Regions used its superior position as a financial institution to impose charges it had no right to impose and then refused to unwind them after notice.

41. Plaintiff suffered damages as a result.

**WHEREFORE**, Plaintiff requests actual damages, costs, attorney's fees where permitted, and **demands a trial by jury.**

## COUNT IV

## WRONGFUL / ADVERSE CREDIT REPORTING/ FAIR CREDIT REPORTING ACT
## By Plaintiff Christina Stemler as to 3780 Scenic Ridge

42. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

43. On information and belief, Regions furnished false, misleading, and adverse information about Plaintiff Christina Stemler's account to one or more consumer reporting agencies and/or other third parties. See Exhibit B.

44. The information may have included inaccurate balances, delinquency status, default status, or other adverse account data caused by the improper LPI charges.

45. Plaintiff disputed the accuracy of the information.

46. After notice of the dispute, Regions had a duty to reasonably investigate and correct any inaccurate information it furnished.

47. Regions failed to conduct a reasonable investigation and instead allowed false information to remain in circulation, or continued furnishing the false information.

48. Regions' conduct damaged Plaintiff's credit reputation, financial opportunities, and emotional well-being.

49. Plaintiff suffered actual damages and is entitled to all relief available under applicable law.

**WHEREFORE**, Plaintiff requests actual damages, statutory damages if available, punitive damages if permitted, attorney's fees, costs, **and demands a trial by jury**.

**COUNT V**

**DEFAMATION / SLANDER**
**By Plaintiff Christina Stemler as to 3780 Scenic Ridge**

50. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

51. Regions published false statements about Plaintiff's debt, account status, or alleged delinquency to third parties.

52. Those statements were false, malicious, and defamatory.

53. Regions either knew the statements were false or acted with reckless disregard for whether they were true.

54. By publishing false adverse information, Regions injured Plaintiff's creditworthiness, reputation, and standing in the community.

55. Plaintiff suffered damages as a direct result.

**WHEREFORE**, Plaintiff requests compensatory damages, punitive damages if permitted, costs, **and demands a trial by jury**.

**COUNT VI**

**CIVIL THEFT**
**3780 Scenic Ridge and 9320 Scenic Hwy.**
**As to Christina Stemler and Mohamad Mikhchi**

56. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

57. Regions knowingly obtained and exercised control over Plaintiff's money, loan value, or account credit by charging LPI premiums it had no lawful right to charge.

58. Regions knew or should have known that the money or credit taken belonged to Plaintiff or was wrongfully taken from Plaintiff's account.

59. Plaintiff demanded correction and restoration of the funds and account credits and treble damages. Copies of the Demand Letters are attached hereto as Exhibit E.

60. Regions refused and continued to retain the benefit of its wrongful taking.

61. Regions' conduct was intentional, wrongful, and designed to enrich itself at Plaintiff's expense.

62. Plaintiff is entitled to treble damages and attorney's fees as allowed by law.

**WHEREFORE**, Plaintiff requests treble damages, attorney's fees, costs, interest, **and demands a trial by jury**.

**COUNT VII**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS WITH PHYSICAL IMPACT**
**By Plaintiff Christina Stemler as to 3780 Scenic Ridge and 9320 Scenic Hwy.**

63. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

64. Regions engaged in outrageous conduct by knowingly imposing improper charges, refusing to correct them after direct notice, and continuing to maintain harmful and false account information.

65. Regions' conduct was extreme, intentional, and exceeded every possible boundary of decency in a lender-borrower relationship.

66. Regions knew or should have known that its conduct would cause severe emotional distress to Plaintiff.

67. Plaintiff suffered severe emotional distress as a direct result along with physical impact requiring medical treatment and aggravation of pre-existing conditions.

68. Plaintiff's distress was substantial, foreseeable, and caused by Regions' prolonged and wrongful conduct.

**WHEREFORE**, Plaintiff requests damages for emotional distress, costs, **and demands a trial by jury**.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS WITH PHYSICAL IMPACT

**By Plaintiff Mohamad Mikhchi as to 3780 Scenic Ridge and 9320 Scenic Hwy.**

69. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

70. Regions engaged in outrageous conduct by knowingly imposing improper charges, refusing to correct them after direct notice, and continuing to maintain harmful and false account information.

71. Regions' conduct was extreme, intentional, and exceeded every possible boundary of decency in a lender-borrower relationship.

72. Regions knew or should have known that its conduct would cause severe emotional distress to Plaintiff.

73. Plaintiff suffered severe emotional distress as a direct result along with physical impact requiring medical treatment and aggravation of pre-existing conditions.

74. Plaintiff's distress was substantial, foreseeable, and caused by Regions' prolonged and wrongful conduct.

**WHEREFORE**, Plaintiff requests damages for emotional distress, costs, **and demands a trial by jury**.

## COUNT IX

## PREDATORY LENDING / PREDATORY SERVICING
## 3780 Scenic Ridge and 9320 Scenic Hwy.
## As to Christina Stemler and Mohamad Mikhchi

75. Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

76. Regions engaged in abusive, predatory, and exploitative servicing practices by using its position of power to impose unauthorized charges, inflate the account balance, and pressure Plaintiff through wrongful financial leverage.

77. Regions' conduct was unfair, oppressive, coercive, and designed to benefit Regions at Plaintiff's expense.

78. Regions either knew the charges were improper or acted with reckless indifference to Plaintiff's rights.

79. Plaintiff suffered damages as a result of Regions' predatory conduct.

80. To the extent recognized by Florida law or any applicable federal law, Regions is liable for its predatory lending and/or servicing conduct.

**WHEREFORE**, Plaintiff requests damages, equitable relief, attorney's fees if available, costs, **and demands a trial by jury**.

DATED: July 29, 2026

*/s/ Dixie Dan Powell*
**DIXIE DAN POWELL, ESQ.**
Fla. Bar No. 0603694
**POWELL INJURY LAW**
2033 W. James Lee Blvd.
Crestview, Florida 32536
P: (850) 306-2667; F: (850) 306-3263
ddp@powellinjurylaw.com
Paralegal3@powellinjurylaw.com
Attorney for Plaintiffs

Exhibit "A"

Ernie Lee Magaha
CLERK OF THE CIRCUIT COURT
ESCAMBIA COUNTY FLORIDA
INST# 2008028333 04/14/2008 at 04:35 PM
OFF REC BK: 6313 PG: 1910 - 1917 Doc Type: MTG
RECORDING: $69.50 MTG Stamps $1750.00 Int. Tax $1000.00

MIKHCHI, MOHAMAD

Record and Return To:
Fiserv Lending Solutions
P.O. BOX 2590
Chicago, IL 60690

This Mortgage prepared by:

Name: Donna Helgl
Company: Regions Bank
Address: P.O. BOX 830721, BIRMINGHAM, AL 35283

20080701536410
132000730514

REGIONS

*DOC485020000000432713200073051400000000*

# MORTGAGE

## FOR USE WITH SECURED REVOLVING CREDIT AGREEMENT

**MAXIMUM LIEN.** The total amount of indebtedness secured by this Mortgage may decrease or increase from time to time, but the maximum amount of principal indebtedness which may be outstanding at any one time shall not exceed $500,000.00., plus interest, and amounts expended or advanced by Lender for the payment of taxes, levies or insurance on the Property, and interest on such amounts.

THIS MORTGAGE dated March 19, 2008, is made and executed between MOHAMAD MIKHCHI, AKA MOHAMAD H MIKHCHI, whose address is 5101 NORTHPOINTE PKWY, PENSACOLA, FL 325147846; CHRISTINA M MIKHCHI, whose address is 5101 NORTHPOINTE PKWY, PENSACOLA, FL 325140000; both unmarried (referred to below as "Grantor") and Regions Bank, whose address is P.O. Box 830721, Birmingham, AL 35283 (referred to below as "Lender").

**GRANT OF MORTGAGE.** For valuable consideration, Grantor mortgages to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in ESCAMBIA County, State of Florida:

See EXHIBIT A, which is attached to this Mortgage and made a part of this Mortgage as if fully set forth herein.

The Real Property or its address is commonly known as 3780 SCENIC RIDGE, PENSACOLA, FL 325140000.

**REVOLVING LINE OF CREDIT.** This Mortgage secures the indebtedness including, without limitation, a revolving line of credit under which, upon request by Grantor, Lender, within twenty (20) years from the date of this Mortgage, may make future advances to Grantor. Such future advances, together with interest thereon, are secured by this Mortgage. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit Limit as provided in the Credit Agreement. It is the intention of Grantor and Lender that this Mortgage secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in the Credit Agreement and any intermediate balance.

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF GRANTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT WITH THE CREDIT LIMIT OF $500,000.00, THE RELATED DOCUMENTS, AND THIS MORTGAGE. THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Mortgage, Grantor shall pay to Lender all amounts secured by this Mortgage as they become due and shall strictly perform all of Grantor's obligations under this Mortgage.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until Grantor's interest in any or all of the Property is foreclosed, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any

Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Mortgage. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Mortgage, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Mortgage.

**Subsequent Liens.** Grantor shall not allow any subsequent liens or mortgages on all or any portion of the Property without the prior written consent of Lender.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**TAXES AND LIENS.** The following provisions releting to the taxes and liens on the Property are part of this Mortgage:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, payroll taxes, special taxes, assessments, water charges and sewer service charges levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of any liens having priority over or equal to the interest of Lender under this Mortgage, except for those liens specifically agreed to in writing by Lender, and except for the lien of taxes and assessments not due as further specified in the Right to Contest paragraph.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and reasonable attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Mortgage:

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Policies shall be written by such insurance companies and in such form as may be reasonably acceptable to Lender. Grantor shall deliver to Lender certificates of coverage from each insurer containing a stipulation that coverage will not be cancelled or diminished without a minimum of ten (10) days' prior written notice to Lender and not containing any disclaimer of the insurer's liability for failure to give such notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the maximum amount of your credit line and the full unpaid principal balance of any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $10,000.00. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Mortgage. Any proceeds

which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Mortgage, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, or (C) to make repairs to the Property then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Credit Agreement, or the maximum rate permitted by law, whichever is less, from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Credit Agreement and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Credit Agreement; or (C) be treated as a balloon payment which will be due and payable at the Credit Agreement's maturity. The Mortgage also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Mortgage:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Mortgage, and (b) Grantor has the full right, power, and authority to execute and deliver this Mortgage to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Lender under this Mortgage, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Grantor has made in this Mortgage shall survive the execution and delivery of this Mortgage, shall be continuing in nature and shall remain in full force and effect until such time as Grantor's Indebtedness is paid in full.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Mortgage:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Mortgage:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Mortgage and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Mortgage, including without limitation all intangible personal property taxes, documentary stamp taxes, fees, and other charges for recording or registering this Mortgage.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax, including without limitation an intangible personal property tax, upon this type of Mortgage or upon all or any part of the Indebtedness secured by this Mortgage; (2) a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Mortgage; (3) a tax on this type of Mortgage chargeable against the Lender or the holder of the Credit Agreement; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Mortgage, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Mortgage as a security agreement are a part of this Mortgage:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Mortgage in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Mortgage as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Mortgage may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Mortgage.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Mortgage:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Grantor's obligations under the Credit Agreement, this Mortgage, and the Related Documents, and (2) the liens and security interests created by this Mortgage as first and prior liens on the Property,

whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Grantor pays all the Indebtedness when due, terminates the credit line account, and otherwise performs all the obligations imposed upon Grantor under this Mortgage, Lender shall execute and deliver to Grantor a suitable satisfaction of this Mortgage and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Grantor will pay, if permitted by applicable law, any reasonable termination fee as determined by Lender from time to time.

**EVENTS OF DEFAULT.** Grantor will be in default under this Mortgage if any of the following happen: (A) Grantor commits fraud or makes a material misrepresentation at any time in connection with the Credit Agreement. This can include, for example, a false statement about Grantor's income, assets, liabilities, or any other aspects of Grantor's financial condition. (B) Grantor does not meet the repayment terms of the Credit Agreement. (C) Grantor's action or inaction adversely affects the collateral or Lender's rights in the collateral. This can include, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer of title or sale of the dwelling, creation of a senior lien on the dwelling without Lender's permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of an Event of Default and at any time thereafter, Lender, at Lender's option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Judicial Foreclosure.** Lender may obtain a judicial decree foreclosing Grantor's interest in all or any part of the Property.

**Deficiency Judgment.** If permitted by applicable law, Lender may obtain a judgment for any deficiency remaining in the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Mortgage or the Credit Agreement or available at law or in equity.

**Sale of the Property.** To the extent permitted by applicable law, Grantor hereby waives any and all right to have the Property marshalled. In exercising its rights and remedies, Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Notice of Sale.** Lender will give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Mortgage, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Credit Agreement rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**NOTICES.** Any notice required to be given under this Mortgage, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Mortgage. Any person may change his or her address for notices under this Mortgage by giving written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**DEFENSE COSTS.** Subject to any limits under applicable law, in addition to the costs and expenses Grantor has agreed to pay within this Mortgage, Grantor will pay all costs and expenses incurred by Lender arising out of or relating to any steps or actions Lender takes to defend any unsuccessful claim, allegation, remedy or counterclaim Borrower may assert against Lender, including any "Claim" (as that term is defined below) referred to arbitration as provided below. Such costs and expenses shall include, without limitation, attorneys' fees and costs.

**ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL. Except as expressly provided below, any controversy, claim, dispute or disagreement (any "Claim") arising out of, in connection with or relating to (1) Grantor's business relationship with Lender; (2) the performance, interpretation, negotiation, execution, collateralization, administration, repayment, modification, or extension of this Mortgage; (3) any charge or cost incurred pursuant to this Mortgage; (4) the collection of any amounts due under this Mortgage; (5) any alleged tort or other claim arising out of or relating in any way to this Mortgage, collateral under this Mortgage, any account established pursuant to this Mortgage, or any insurance or mechanical repair contract purchased pursuant to or in connection with this Mortgage; (6) any breach of any provision of this Mortgage; (7) any statement or representation made to Grantor by or on behalf of Lender; or (8) any of the foregoing arising out of, in connection with or relating to any agreement which relates to this Mortgage or any assignment of this**

**Mortgage, or any relationship created by or resulting from this Mortgage, will be settled by binding arbitration under the Federal Arbitration Act ("FAA").** This agreement to arbitrate shall include any Claims involving Lender's officers, directors, employees, agents, representatives, contractors, subcontractors, affiliates, successors or assigns, and any such Claims against any of those parties may be joined or consolidated with any related Claims against Lender in a single arbitration proceeding.

**Administration and Rules.** The arbitration will be administered by the American Arbitration Association (the "AAA") under its Commercial Arbitration Rules and, where applicable, its Supplementary Procedures for the Resolution of Consumer-Related Disputes (collectively, the "Arbitration Rules") in effect at the time the demand for arbitration is filed. In the event of a conflict between the Arbitration Rules and this Mortgage, this Mortgage will control, except that, in the event that the AAA determines that any provision of this Mortgage does not comply with applicable standards stated in the AAA's Consumer Due Process Protocol, the standards of the Protocol will control. Lender will tell Grantor how to contact the AAA and how to get a copy of the Arbitration Rules without cost if Grantor asks Lender in writing to do so. Or, Grantor may contact the AAA directly at 1-800-778-7879 (toll-free) or at www.adr.org.

**Arbitration Fees and Costs.** If the AAA's Supplemental Procedures for Consumer-Related Disputes apply to Grantor's Claim or Counterclaim, and if Grantor's Claim or Counterclaim for actual damages does not exceed $10,000, Grantor will be responsible for paying one-half of the arbitrator's fees up to a maximum of $125. If Grantor's Claim or Counterclaim for actual damages exceeds $10,000 but does not exceed $75,000, Grantor will be responsible for paying one-half of the arbitrator's fees up to a maximum of $375. For such Claims or Counterclaims that do not exceed $75,000, Lender will pay all other arbitrator's fees and costs imposed by the administrator of the arbitration.

If Grantor's claim or counterclaim is a consumer-related claim for actual damages that exceeds $75,000, or if it is a non-monetary consumer-related claim or counterclaim, or if it is not a consumer-related claim or counterclaim, Grantor will be responsible for paying the administrative costs and arbitrator's fees as provided in the AAA's Commercial Fee Schedule. Additionally, in the case of a consumer-related claim or counterclaim for actual damages in excess of $75,000 or for non-monetary damages, and in the case of any non-consumer-related claim or counterclaim, the prevailing party in an arbitration proceeding may seek to recover its expenses for administrative fees and arbitrator(s)'s fees from the other party in accordance with the Arbitration Rules. The final award by the arbitrator(s) pertaining to such a Claim or Counterclaim can apportion the administrative fees and expenses and arbitrators' fees between Grantor and Lender as part of the award, as the arbitrator(s) determines is appropriate.

The fees and costs stated in this Mortgage are subject to any amendments to the Arbitration Rules and fee and cost schedules of the AAA. The fee and cost schedule in effect at the time Grantor submits its claim or counterclaim will apply. The Arbitration Rules permit Grantor to request a deferral or reduction of the administrative fees of arbitration if paying them would cause Grantor extreme hardship. Each party also has the option of filing an action in small claims court for Claims or disputes within the scope of the small claims court's jurisdiction.

**Arbitrator(s).** The arbitration of any Claim or any counter-Claim of $100,000 or greater shall be conducted by a panel of three arbitrators. The arbitration of any Claim or any Counter-Claim of a lesser amount shall be conducted by one arbitrator. The arbitrator(s) shall be selected from the AAA's panel of arbitrators by mutual agreement between Grantor and Lender. If Grantor and Lender cannot agree on the arbitrator(s), the AAA shall appoint the arbitrator(s).

**No Joinder of Claims; No Class Claims.** Except as expressly provided in this agreement to arbitrate, no Claim may be joined with another dispute or lawsuit, or consolidated with the arbitration of another Claim, or resolved on behalf of a class of similarly situated persons. The validity and effect of this provision of this agreement to arbitrate shall be determined by a court of competent jurisdiction and not by the arbitrator(s).

**Limitations, Defenses and Privileges.** All statutes of limitation, defenses, and attorney-client and other privileges that would apply in a court proceeding will apply in the arbitration.

**Location of Hearing.** Any in-person arbitration hearing will be held in Birmingham, Alabama, where Lender's main office is located, or in the state where this Mortgage was executed if Lender has a branch office in that state.

**Scope.** Except as otherwise expressly provided in this agreement to arbitrate, any dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the scope or validity of this agreement to arbitrate disputes or of this entire Mortgage, will be decided by the arbitrator(s).

**Exchange of Information.** The arbitrator(s) shall establish such reasonable procedures as may be necessary for the reasonable exchange of information between the parties prior to such arbitration.

**Expedited Procedures.** The Expedited Procedures of the Arbitration Rules shall apply in any dispute where no claim or counterclaim exceeds $75,000, exclusive of interest and arbitration fees and costs.

**Award.** In rendering an award, the arbitrator(s) shall apply applicable contract terms, statutes and legal precedent and shall follow applicable rules of evidence, enforce applicable privileges, and employ applicable burdens of proof. The arbitrator(s) shall award only such relief as a court of competent jurisdiction could properly award under applicable law. The arbitration award shall be in writing and shall include a written explanation of the basis for the award under the applicable contract terms, statutes and legal precedents. Any appeal of the arbitration award will be governed by the FAA. Judgment on the arbitration award may be entered in any court having jurisdiction.

**Self-Help Remedies and Small Claims Court.** This agreement to arbitrate does not limit the right of Grantor or Lender, whether before, during or after the pendency of any arbitration proceeding, to exercise self-help remedies such as set-off or repossession and sale of collateral, or to foreclose a mortgage with or without a court action, or to bring an action (individually, and not on behalf of a class) to obtain provisional or ancillary remedies or injunctive relief (other than a stay of arbitration) to protect the rights or property of the party seeking such relief. The taking of any of the actions described in the preceding sentence by Grantor or Lender or the filing of a court action by Grantor or Lender shall not be deemed to be a waiver of the right to demand arbitration of any Claim asserted as a counterclaim or the like in response to any such action. This agreement to arbitrate does not limit Grantor's or Lender's right to file an action in small claims court for Claims or disputes within the scope of the small claims court's jurisdiction.

**Transaction Involving Commerce.** Grantor and Lender specifically acknowledge and agree that this Mortgage evidences a "transaction involving commerce" under the FAA, and hereby waive and relinquish any right to claim otherwise. Grantor and Lender hereby acknowledge, agree and stipulate that: Lender is a multi-state banking organization engaged in interstate banking; Lender's deposits are federally insured; the funds used to fund loans such as this one are obtained, at least in part, through interstate commerce; and Lender regularly uses the services of businesses located in other states in making and administering loans and in conducting other transactions.

**Severability.** Except as provided in the following sentence, if any term or provision of this agreement to arbitrate disputes and waiver of jury trial is held to be invalid or unenforceable, the remaining provisions shall be enforced without regard to the invalid or unenforceable term or provision. If the prohibition against joinder of claims and class actions, or any portion thereof, is held to be invalid or unenforceable, the agreement to arbitrate disputes shall also be invalid and unenforceable, but the waiver of jury trial shall continue to be enforceable.

**Survival of Arbitration Agreement.** This agreement to arbitrate disputes will survive the payment of the Indebtedness and the termination of this Mortgage.

**Waiver of Right to Jury Trial.** **WHETHER ANY CLAIM OR DISPUTE IS SUBMITTED TO ARBITRATION OR RESOLVED BY A COURT, GRANTOR AND LENDER VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT TO A JURY TRIAL WITH RESPECT TO SUCH DISPUTE TO THE FULLEST EXTENT ALLOWED BY LAW.**

**NOTICE: This agreement to arbitrate disputes limits or waives certain of Grantor's rights. With respect to Claims Grantor is agreeing to arbitrate pursuant to this Mortgage, Grantor is waiving Grantor's right to bring a court action, and Grantor is waiving the right to have a jury trial on all controversies, whether settled by arbitration or by a court. Grantor cannot represent a class of claimants in the arbitration proceeding. Discovery may be more limited in arbitration than in a court proceeding, and the right and grounds to appeal from an arbitrator's award are more limited than in an appeal from a court judgment. Certain other rights Grantor has in a court proceeding also**

may not be available in arbitration.

**PRIVATE FLOOD INSURANCE.** If the Property is at any time deemed to be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area and if Federal Flood Insurance is not available, Grantor agrees to obtain and maintain flood insurance in an amount equal to the full unpaid principal balance under the Note plus the amount of any prior liens on the Property. Such flood insurance will be with such insurer as is satisfactory to Lender. Such flood insurance will also be on such terms as are satisfactory to Lender, including deductible provisions, endorsements, a standard mortgagee clause in favor of Lender, and stipulations that coverage will not be cancelled or diminished without at least ten (10) days' prior written notice to Lender with no disclaimer for failure to give such cancellation notice.

**AUTHORIZATION TO OTHER LIEN HOLDERS.** The Grantor hereby authorizes the holder of any other mortgage, lien or encumbrance on any portion of the Real Property and any other party claiming any interest in the Real Property whatsoever to disclose to the Lender any and all information the Lender may request, including, without limitation: (1) the nature of such interest in or claim to the Real Property; (2) the amount of such interest or claim or of any indebtedness or obligation secured by any mortgage, lien or encumbrance; (3) the amount of any such indebtedness or obligation that is unpaid; (4) whether any amount owed on any such indebtedness or obligation is or has been in arrears; (5) whether there is or has been any default with respect to any such mortgage, lien or encumbrance or the indebtedness or obligation secured thereby; and (6) any other information regarding such interest, claim, mortgage, lien or encumbrance or the indebtedness or obligation secured thereby which the Lender may request from time to time. This authorization shall be effective without any further action, notice, authorization or consent from the Grantor and shall remain in full force and effect for so long as this Mortgage remains unsatisfied and has not been released.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Mortgage:

**Amendments.** What is written in this Mortgage and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Mortgage. To be effective, any change or amendment to this Mortgage must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or define the provisions of this Mortgage.

**Governing Law.** **With respect to interest (as defined by federal law) this Mortgage will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Alabama without regard to its conflicts of laws provisions. In all other respects, this Mortgage will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Florida without regard to its conflicts of law provisions. The loan transaction that is evidenced by the Credit Agreement and this Mortgage has been approved, made, and funded, and all necessary loan documents have been** *accepted by Lender in the State of Alabama.*

**Joint and Several Liability.** All obligations of Grantor under this Mortgage shall be joint and several, and all references to Grantor shall mean each and every Grantor. This means that each Grantor signing below is responsible for all obligations in this Mortgage.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Mortgage unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Mortgage. Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Mortgage is not valid or should not be enforced, that fact by itself will not mean that the rest of this Mortgage will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Mortgage even if a provision of this Mortgage may be found to be invalid or unenforceable.

**Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Successors and Assigns.** Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Mortgage.

**Waive Jury. All parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**DEFINITIONS.** The following words shall have the following meanings when used in this Mortgage:

**Borrower.** The word "Borrower" means MOHAMAD MIKHCHI and CHRISTINA M MIKHCHI and includes all co-signers and co-makers signing the Credit Agreement and all their successors and assigns.

**Credit Agreement.** The words "Credit Agreement" mean the credit agreement dated March 19, 2008, **with credit limit of $500,000.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. The final maturity date of the Credit Agreement is March 19, 2028. **NOTICE TO GRANTOR: THE CREDIT AGREEMENT CONTAINS A VARIABLE INTEREST RATE.**

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Mortgage in the events of default section of this Mortgage.

**Grantor.** The word "Grantor" means MOHAMAD MIKHCHI and CHRISTINA M MIKHCHI .

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal and interest payable under the Credit Agreement and any amounts expended or advanced by Lender to discharge obligations of Grantor or expenses incurred by Lender to enforce obligations of Grantor under this Agreement, together with interest on such amounts as provided in this Agreement, and any and all other present or future, direct or contingent liabilities or indebtedness of any person who signs the Credit Agreement to the Lender of any nature whatsoever,

whether classified as secured or unsecured, except that the word "Indebtedness" shall not include any debt subject to the disclosure requirements of the Federal Truth-In-Lending Act if, at the time such debt is incurred, any legally required disclosure of the lien afforded hereby with respect to such debt shall not have been made.

**Lender.** The word "Lender" means Regions Bank, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Credit Agreement.

**Mortgage.** The word "Mortgage" means this Mortgage between Grantor and Lender.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Mortgage.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND EACH GRANTOR AGREES TO ITS TERMS.

GRANTOR:

X [signature]
MOHAMAD MIKHCHI

X [signature]
CHRISTINA M MIKHCHI

WITNESSES:

X [signature] Debby Dasinger
DEBBY DASINGER

X [signature]
Sheila Hammond

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF Florida )
) SS
COUNTY OF Escambia )

The foregoing instrument was acknowledged before me this 19 day of March, 2008 by MOHAMAD MIKHCHI and CHRISTINA M MIKHCHI, both unmarried, who are personally known to me or who have produced ______ as identification and did / did not take an oath.

[signature] Deborah P Dasinger
(Signature of Person Taking Acknowledgment)

DEBORAH P. DASINGER
MY COMMISSION # DD 284316
EXPIRES: April 17, 2008

(Name of Acknowledger Typed, Printed or Stamped)

(Title or Rank)

(Serial Number, if any)

LASER PRO Lending, Ver. 5.35.00.004 Copr. Harland Financial Solutions, Inc. 1997, 2008. All Rights Reserved. - FL/AL S:\MasterLiner\Pro\CFI\LPL\G03.FC TR-492538 PR-121

I071FGFH

SCHEDULE A

THE FOLLOWING REAL PROPERTY SITUATE IN COUNTY OF ESCAMBIA AND STATE OF FLORIDA DESCRIBED AS FOLLOWS:

COMMENCE AT A CONCRETE MONUMENT AT THE INTERSECTION OF RANGES 29 AND 30 WEST AND THE NORTH LINE OF THE JOSEPH NORIEGA GRANT, SECTION 2, TOWNSHIP 1 SOUTH, RANGE 29 WEST, ESCAMBIA COUNTY, FLORIDA, THENCE RUN SOUTH WITH SAID RANGE LINE 1627.10 FEET TO A CONCRETE MONUMENT AT THE INTERSECTION OF SAID RANGE LINE WITH THE EAST RIGHT OF WAY LINE OF U.S. HIGHWAY 90 (SCENIC HWY, 80' R/W), THENCE RUN SOUTHEASTERLY ALONG SAID RIGHT OF WAY LINE 3023.90 FEET, THENCE DEFLECT AN ANGLE OF 90°00'00" TO THE RIGHT AND RUN WESTERLY 80.00 FEET TO A POINT ON THE WEST RIGHT OF WAY LINE OF U.S. 90 AND THE POINT OF BEGINNING, THENCE RUN SOUTH 59°10'29" WEST FOR 133.33 FEET, THENCE RUN NORTH 30°47'36" WEST 100.00 FEET, THENCE RUN NORTH 59°10'29" EAST FOR 133.33 FEET TO SAID WESTERLY RIGHT OF WAY OF U.S. 90, THENCE RUN SOUTH 30°47'36" EAST ALONG SAID WESTERLY RIGHT OF WAY FOR 100.00 FEET TO THE POINT OF BEGINNING. CONTAINING 0.31 ACRES MORE OR LESS.

PARCEL ID: 02-18-29-3003-001-001

PROPERTY ADDRESS: 3780 SCENIC RIDGE DR

Exhibit "B"

REGIONS

3780 Scenic Ridge Drive

## Loan Transaction History *7763

| Transaction Type | Check Number | Description | Process Date | Effective Date | Transaction | Principal | Interest | Escrow | Optional Products | Suspense | Fees & Assessments | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 06/15/2026 | 06/14/2026 | $0.00 | $0.00 | $352.36 | $0.00 | $0.00 | $0.00 | $0.00 | $87,723.90 |
| Payment | | | 06/15/2026 | 06/14/2026 | $352.36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $87,723.90 |
| Payment | | | 06/15/2026 | 05/14/2026 | $0.00 | $0.00 | $1,219.98 | $0.00 | $0.00 | $0.00 | $0.00 | $87,723.90 |
| Payment | | | 06/15/2026 | 05/14/2026 | $1,219.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $87,723.90 |
| Payment | | | 06/15/2026 | 05/14/2026 | $61.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $61.00 | $87,723.90 |
| Late charge assessment | | | 06/01/2026 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $61.00 | $87,723.90 |
| Advance | WIRE | FINS EFF 051926 | 05/26/2026 | 06/01/2026 | $0.00 | -$14,188.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $87,723.90 |
| Advance | | | 05/26/2026 | | $14,188.00 | $14,188.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $73,535.90 |
| Hazard insurance refund deposit | | | 05/26/2026 | 05/01/2026 | $14,188.00 | $0.00 | $0.00 | $14,188.00 | $0.00 | $0.00 | $0.00 | $87,723.90 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hazard insurance disbursement | | | 05/26/2026 | 05/01/2027 | -$14,188.00 | $0.00 | $0.00 | -$14,188.00 | $0.00 | $0.00 | $0.00 | $87,723.90 |
| Payment | | | 04/01/2026 | 04/14/2026 | $0.00 | $0.00 | $2,639.71 | $0.00 | $0.00 | $0.00 | $0.00 | $73,535.90 |
| Payment | | | 04/01/2026 | 04/14/2026 | $2,639.71 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $73,535.90 |
| Principal payment | | | 04/01/2026 | | $80,000.00 | $80,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $73,535.90 |
| Principal payment | | | 04/01/2026 | | $0.04 | $0.04 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $153,535.90 |
| Principal payment | | | 04/01/2026 | | $99,999.99 | $99,999.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $153,535.94 |
| Principal payment | | | 04/01/2026 | | $99,999.99 | $99,999.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $253,535.93 |
| Principal payment | | | 04/01/2026 | | $99,999.99 | $99,999.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $353,535.92 |
| Principal payment | | | 04/01/2026 | | $97,360.28 | $97,360.28 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $453,535.91 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 03/17/2026 | 03/14/2026 | $0.00 | $0.00 | $2,639.71 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 03/17/2026 | 03/14/2026 | $2,639.71 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 02/02/2026 | 02/14/2026 | $0.00 | $0.00 | $2,439.73 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 02/02/2026 | 02/14/2026 | $2,439.73 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 02/02/2026 | 02/14/2026 | $199.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $199.98 | $550,896.19 |
| Payment | | | 01/21/2026 | 02/14/2026 | $0.00 | $0.00 | $199.98 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/21/2026 | 02/14/2026 | $199.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/21/2026 | 01/14/2026 | $0.00 | $0.00 | $2,754.49 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/21/2026 | 01/14/2026 | $2,754.49 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/21/2026 | 12/14/2025 | $0.00 | $0.00 | $2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/21/2026 | 12/14/2025 | $2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/21/2026 | 11/14/2025 | $0.00 | $0.00 | $2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/21/2026 | 11/14/2025 | $2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Bad check reversal - long form | | | 01/16/2026 | 11/01/2025 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | -$199.98 | $550,896.19 |
| Bad check reversal - long form | | | 01/16/2026 | 11/01/2025 | $0.00 | $0.00 | -$2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Bad check reversal - long form | | | 01/16/2026 | 12/01/2025 | $0.00 | $0.00 | -$2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bad check reversal - long form | | | 01/16/2026 | 01/01/2026 | $0.00 | $0.00 | -$2,754.49 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/09/2026 | 01/14/2026 | $0.00 | $0.00 | $2,754.49 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/09/2026 | 01/14/2026 | $2,754.49 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/09/2026 | 12/14/2025 | $0.00 | $0.00 | $2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/09/2026 | 12/14/2025 | $2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/09/2026 | 11/14/2025 | $0.00 | $0.00 | $2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/09/2026 | 11/14/2025 | $2,869.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 01/09/2026 | 11/14/2025 | $199.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $199.98 | $550,896.19 |
| Late charge assessment | | | 12/30/2025 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $99.99 | $550,896.19 |
| Late charge | | | 12/01/2025 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $99.99 | $550,896.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| assessment | | | | | | | | | | | | |
| Payment | | | 10/14/2025 | 10/14/2025 | $0.00 | $0.00 | $2,984.02 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 10/14/2025 | 10/14/2025 | $2,984.02 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 09/15/2025 | 09/14/2025 | $0.00 | $0.00 | $2,984.02 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 09/15/2025 | 09/14/2025 | $2,984.02 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 08/13/2025 | 08/14/2025 | $0.00 | $0.00 | $2,984.02 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 08/13/2025 | 08/14/2025 | $2,984.02 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 06/30/2025 | 07/14/2025 | $0.00 | $0.00 | $2,981.47 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 06/30/2025 | 07/14/2025 | $2,981.47 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 06/13/2025 | 06/14/2025 | $0.00 | $0.00 | $2,907.16 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 06/13/2025 | 06/14/2025 | $2,907.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Advance | | | 05/21/2025 | | $14,188.00 | $14,188.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Advance | WIRE | FINS EFF 051925 | 05/21/2025 | 03/01/2026 | $0.00 | -$14,188.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $565,084.19 |
| Hazard insurance refund deposit | | | 05/21/2025 | 06/01/2025 | $14,188.00 | $0.00 | $0.00 | $14,188.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Hazard insurance disbursement | | | 05/21/2025 | 05/01/2026 | -$14,188.00 | $0.00 | $0.00 | -$14,188.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 04/30/2025 | 05/14/2025 | $0.00 | $0.00 | $2,907.17 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 04/30/2025 | 05/14/2025 | $2,907.17 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 04/17/2025 | 04/14/2025 | $0.00 | $0.00 | $2,907.16 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 04/17/2025 | 04/14/2025 | $2,907.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 03/31/2025 | 03/14/2025 | $0.00 | $0.00 | $2,907.16 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 03/31/2025 | 03/14/2025 | $2,907.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 03/31/2025 | 04/14/2025 | $99.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $99.99 | $550,896.19 |
| Payment | | | 03/03/2025 | 02/14/2025 | $0.00 | $0.00 | $2,907.17 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 03/03/2025 | 02/14/2025 | $2,907.17 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 02/03/2025 | 01/14/2025 | $0.00 | $0.00 | $3,018.98 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Payment | | | 02/03/2025 | 01/14/2025 | $3,018.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $550,896.19 |
| Late charge assessment | | | 01/30/2025 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $99.99 | $550,896.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 12/02/2024 | 12/14/2024 | $3,130.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 12/02/2024 | 12/14/2024 | $0.00 | $0.00 | $3,130.80 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 10/28/2024 | 11/14/2024 | $3,130.79 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 10/28/2024 | 11/14/2024 | $0.00 | $0.00 | $3,130.79 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 10/02/2024 | 10/14/2024 | $3,354.43 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 10/02/2024 | 10/14/2024 | $0.00 | $0.00 | $3,354.43 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 09/03/2024 | 09/14/2024 | $3,354.43 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 09/03/2024 | 09/14/2024 | $0.00 | $0.00 | $3,354.43 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 07/23/2024 | 08/14/2024 | $3,354.43 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 07/23/2024 | 08/14/2024 | $0.00 | $0.00 | $3,354.43 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 06/24/2024 | 07/14/2024 | $3,343.35 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 06/24/2024 | 07/14/2024 | $0.00 | $0.00 | $3,343.35 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 05/28/2024 | 06/14/2024 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 05/28/2024 | 06/14/2024 | $0.00 | $0.00 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Advance | WIRE | FINS EFF 051924 | 05/22/2024 | 06/01/2024 | $0.00 | -$14,188.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Hazard insurance refund deposit | | | 05/22/2024 | 06/01/2024 | $14,188.00 | $0.00 | $0.00 | $14,188.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Hazard insurance disbursement | WIRE | FINS EFF 051924 | 05/22/2024 | 05/01/2025 | -$14,188.00 | $0.00 | $0.00 | -$14,188.00 | $0.00 | $0.00 | $0.00 | $536,708.19 |
| Payment | | | 04/23/2024 | 05/14/2024 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 04/23/2024 | 05/14/2024 | $0.00 | $0.00 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 04/01/2024 | 04/14/2024 | $3,265.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 04/01/2024 | 04/14/2024 | $0.00 | $0.00 | $3,265.76 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 03/01/2024 | 03/14/2024 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 03/01/2024 | 03/14/2024 | $0.00 | $0.00 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 01/31/2024 | 02/14/2024 | $3,265.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 01/31/2024 | 02/14/2024 | $0.00 | $0.00 | $3,265.76 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 12/28/2023 | 01/14/2024 | $3,265.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 12/28/2023 | 01/14/2024 | $0.00 | $0.00 | $3,265.76 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 12/01/2023 | 12/14/2023 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 12/01/2023 | 12/14/2023 | $0.00 | $0.00 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 10/31/2023 | 11/14/2023 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 10/31/2023 | 11/14/2023 | $0.00 | $0.00 | $3,265.75 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 09/26/2023 | 10/14/2023 | $3,265.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 09/26/2023 | 10/14/2023 | $0.00 | $0.00 | $3,265.76 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 08/22/2023 | 09/14/2023 | $3,156.90 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 08/22/2023 | 09/14/2023 | $0.00 | $0.00 | $3,156.90 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 08/01/2023 | 08/14/2023 | $3,156.89 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 08/01/2023 | 08/14/2023 | $0.00 | $0.00 | $3,156.89 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 06/26/2023 | 07/14/2023 | $3,148.41 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 06/26/2023 | 07/14/2023 | $0.00 | $0.00 | $3,148.41 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Advance | WIRE | FINS EFF 051923 | 05/23/2023 | 07/01/2023 | $0.00 | -$13,119.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Hazard insurance refund deposit | | | 05/23/2023 | 06/01/2023 | $13,119.00 | $0.00 | $0.00 | $13,119.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 05/23/2023 | 06/14/2023 | $2,971.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 05/23/2023 | 06/14/2023 | $0.00 | $0.00 | $2,971.50 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Hazard insurance disbursement | WIRE | FINS EFF 051923 | 05/23/2023 | 05/01/2024 | -$13,119.00 | $0.00 | $0.00 | -$13,119.00 | $0.00 | $0.00 | $0.00 | $522,520.19 |
| Payment | | | 05/01/2023 | 05/14/2023 | $2,865.39 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 05/01/2023 | 05/14/2023 | $0.00 | $0.00 | $2,865.39 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 03/31/2023 | 04/14/2023 | $2,865.38 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 03/31/2023 | 04/14/2023 | $0.00 | $0.00 | $2,865.38 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 02/27/2023 | 03/14/2023 | $2,759.27 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 02/27/2023 | 03/14/2023 | $0.00 | $0.00 | $2,759.27 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 01/30/2023 | 02/14/2023 | $2,759.26 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 01/30/2023 | 02/14/2023 | $0.00 | $0.00 | $2,759.26 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 01/04/2023 | 01/14/2023 | $2,547.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 01/04/2023 | 01/14/2023 | $0.00 | $0.00 | $2,547.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 12/01/2022 | 12/14/2022 | $2,228.64 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 12/01/2022 | 12/14/2022 | $0.00 | $0.00 | $2,228.64 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 10/25/2022 | 11/14/2022 | $1,910.26 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 10/25/2022 | 11/14/2022 | $0.00 | $0.00 | $1,910.26 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 09/26/2022 | 10/14/2022 | $1,910.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 09/26/2022 | 10/14/2022 | $0.00 | $0.00 | $1,910.25 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 09/02/2022 | 09/14/2022 | $1,559.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 09/02/2022 | 09/14/2022 | $0.00 | $0.00 | $1,559.23 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Advance | WIRE | FINS EFF 051922 | 08/17/2022 | 09/01/2022 | $0.00 | -$11,562.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hazard insurance refund deposit | | | 08/17/2022 | 09/01/2022 | $11,562.00 | $0.00 | $0.00 | $11,562.00 | $0.00 | $0.00 | $0.00 | $497,839.19 |
| Hazard insurance disbursement | WIRE | FINS EFF 051922 | 08/17/2022 | 05/01/2023 | -$11,562.00 | $0.00 | $0.00 | -$11,562.00 | $0.00 | $0.00 | $0.00 | $509,401.19 |
| Payment | | | 08/01/2022 | 08/14/2022 | $1,555.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,839.19 |
| Payment | | | 08/01/2022 | 08/14/2022 | $0.00 | $0.00 | $1,555.77 | $0.00 | $0.00 | $0.00 | $0.00 | $497,839.19 |
| Payment | | | 06/30/2022 | 06/14/2022 | $1,037.22 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 06/30/2022 | 06/14/2022 | $0.00 | $0.00 | $1,037.22 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 06/30/2022 | 07/14/2022 | $1,162.94 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 06/30/2022 | 07/14/2022 | $0.00 | $0.00 | $1,162.94 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 06/30/2022 | 08/14/2022 | $51.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $51.86 | $497,869.05 |
| Principal payment | | | 06/30/2022 | | $29.86 | $29.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,839.19 |
| Payment | | | 06/06/2022 | 05/14/2022 | $1,037.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 06/06/2022 | 05/14/2022 | $0.00 | $0.00 | $1,037.23 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Late charge assessment | | | 05/31/2022 | 05/01/2022 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | -$51.86 | $497,869.05 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 04/25/2022 | 04/14/2022 | $933.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 04/25/2022 | 04/14/2022 | $0.00 | $0.00 | $933.50 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 03/30/2022 | 03/14/2022 | $933.51 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 03/30/2022 | 03/14/2022 | $0.00 | $0.00 | $933.51 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 02/22/2022 | 01/14/2022 | $974.32 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 02/22/2022 | 01/14/2022 | $0.00 | $0.00 | $974.32 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 02/22/2022 | 02/14/2022 | $975.83 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Payment | | | 02/22/2022 | 02/14/2022 | $0.00 | $0.00 | $975.83 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |
| Advance | RFND | FINS | 02/18/2022 | 01/01/2022 | $0.00 | $11,562.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $508,879.05 |
| Advance | RFND | FINS | 02/18/2022 | 01/01/2022 | $0.00 | $11,010.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $497,869.05 |

Total Records: 156

Equal Housing Lender Member FDIC ©2026 Regions Financial Corporation. All rights reserved. 1-800-REGIONS

Exhibit "C"

BEG AT INTER OF S LI OF SEC AND E LI OF U S H/W 90 NLY WITH SAID E LI 316 4/10 FT ELY AT RT ANG 235 FT MORE OR...

OWNER: MIKHCHI MOHAMAD H
9320 SCENIC HWY

PENSACOLA, FL 32514

SITUS: 9320 SCENIC HWY

**2022** 01-0068-000 02-1S-29-2010-000-005 Page 1 of 1

CERTIFIED PROPERTY RECORD CARD

ESCAMBIA COUNTY
PROPERTY APPRAISER

PRINTED: 10/24/2024 3:18:29PM
BY: BDAVIS

| STRUCT ELEMENT | TYPE | PERCENT |
|---|---|---|
| FOUNDATION | SLAB ON GRADE | 100 |
| STRUCT FRAME | WOOD FRAME | 100 |
| EXT WALL | STONE | 100 |
| ROOF FRAMING | IRR. ROOF DESGN | 100 |
| ROOF COVER | DIMEN/ARCH SHNG | 100 |
| INT WALL | DRYWALL-CUS.DEC | 100 |
| FLOOR COVER | CARPET | 50 |
| FLOOR COVER | TILE/STAIN CONC/ | 50 |
| DECOR/MILLWORK | MAXIMUM | 100 |
| HEAT/AIR | CENTRAL H/AC | 100 |
| FIREPLACES | MASONRY-AB.AVG. | 1 |

BAS=W5N3W4OPU=N37BSU=N21W35S7W14S8W14S6W14S16E14S17UTF=S7E5S7E6GRF=S14E26N18W13N10W1N14W11$E24S10E13N10E4N5W13N16E9S9E11N29E297E4$W4N37W25S29W5BHC=S25E15N25W15$E15S25W16N9W9S16E13S5W4S34E15S10E23N10E15N10W4N25$80USF=N12E4N30W33S25W15N25W13S7E6S23E22S1280$PTR=E30USF=E33N16W33S16$USF=N13W13S13E1$.

IMPROVEMENT: 10 SINGLE FAMILY CUSTOM DOR: 0100 PIC DATE: 01/25/2018




| | |
|---|---|
| PLUMBING FIXTURES | 14 |
| DWELL/NON UNITS | 1/0 |
| STORY HEIGHT | 0 |
| NUMBER STORIES | 2 |
| CORNERS | 20 |

| | |
|---|---|
| PERCENT GOOD | 87.00 |
| PD | 100.00 |
| | 0.00 |
| | 0.00 |

BUILDING NOTES

| SAR | AREA | B | H | %BAS |
|---|---|---|---|---|
| BAS | 2879 | X | X | 100 |
| OPU | 148 | | | 20 |
| BSU | 3081 | | X | 60 |
| UTF | 119 | | | 60 |
| GRF | 393 | | | 55 |
| BHC | 975 | X | X | 100 |
| USF | 1669 | | X | 100 |
| USF | 528 | | X | 100 |
| USF | 169 | | X | 100 |

9,562

QUA 4 ACT 1973 EFF 2005
ACREAGE 0.49
VALUE REVIEW 08/29/2022 BDAVIS

| DATE | ENTERED BY | NOTE |
|---|---|---|
| 12/30/1899 | LAND | ERLC 86 |

| SALES DT | BK | PG | IN | QU | VI | RC | PRICE | GRANTOR | GRANTEE | SALES NOTE |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/01/2005 | 5668 | 1546 | WD | U | I | X | 450,000 | | | |
| 01/01/1977 | 1089 | 309 | WD | O | I | Q | 100,000 | | | |

| 2022 CERTIFIED VALUES | |
|---|---|
| BLDG MKT VALUE | |
| EX FEAT MKT VALUE | 0 |
| LAND MKT VALUE | 234,000 |
| TOTAL MKT VALUE | 234,000 |
| ASSESSED VALUE | 210,655 |
| BASE YEAR NHX: 2008 HX: 2007 | |
| EXEMPTIONS | 50,500 |

| CD | DESCRIPTION | YR ON | YRBLT | EFF | LEN | WIDTH | HGHT | UNITS | NOTES |
|---|---|---|---|---|---|---|---|---|---|
| PI | PIER | 2007 | | 2007 | 5 | 180 | 0 | 900 | 5X180 |
| PO | POOL | 0 | | 0 | 0 | 0 | 0 | 2,500 | IRREG |
| ZZ | MISC | 2011 | | 2011 | 10 | 60 | 0 | 600 | WALKOVER/FOOTBRIDG |
| GA | GAZEBO | 2013 | | 2013 | 13 | 13 | 0 | 169 | 13X13 |

PERMITS

| LAND USE | UNITS | TP |
|---|---|---|
| WATERFRONT - NON WORK | 95.00 | F |
| WATERFRONT - NON WORK | 100.00 | F |

AT INTER OF S LI OF SEC AND E LI OF U S H/W 90 NLY WITH SAID E LI 316 4/10 FT ELY AT RT ANG 235 FT MORE OR...

OWNER: MIKHCHI MOHAMAD H
9320 SCENIC HWY

PENSACOLA, FL 32514

SITUS: 9320 SCENIC HWY

**2019** 01-0068-000 02-1S-29-2010-000-005 Page 1 of 1

CERTIFIED PROPERTY RECORD CARD

ESCAMBIA COUNTY
PROPERTY APPRAISER

PRINTED: 10/24/2024 3:14:44PM
BY: BDAVIS

| STRUCT ELEMENT | TYPE | PERCENT |
|---|---|---|
| FOUNDATION | SLAB ON GRADE | 100 |
| STRUCT FRAME | WOOD FRAME | 100 |
| EXT WALL | STONE | 100 |
| ROOF FRAMING | IRR. ROOF DESGN | 100 |
| ROOF COVER | DIMEN/ARCH SHNG | 100 |
| INT WALL | DRYWALL-CUS.DEC | 100 |
| FLOOR COVER | CARPET | 50 |
| FLOOR COVER | TILE/STAIN CONC/ | 50 |
| DECOR/MILLWORK | MAXIMUM | 100 |
| HEAT/AIR | CENTRAL H/AC | 100 |
| FIREPLACES | MASONRY-AB.AVG. | 1 |

| | |
|---|---|
| PLUMBING FIXTURES | 14 |
| DWELL/NON UNITS | 1/0 |
| STORY HEIGHT | 0 |
| NUMBER STORIES | 2 |
| CORNERS | 20 |
| PERCENT GOOD | 89.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |

| SAR | AREA | B | H | %BAS |
|---|---|---|---|---|
| BAS | 3254 | X | X | 100 |
| OPU | 148 | | | 20 |
| BSU | 3081 | | X | 60 |
| UTF | 219 | | | 60 |
| GRF | 555 | | | 55 |
| USF | 1665 | | X | 100 |
| VES | 375 | | X | 30 |
| USF | 528 | | X | 100 |
| USF | 169 | | X | 100 |
| | 9,937 | | | |

BAS=W5N3W4OPU=N37BSU=N21W35S7W14S8W14S6W14S16E14S17UTF=S7E5S7E6GRF=S14E26N18W13N10W1N14W11$E24S10E13N10E4N5W13N16E9S9E11N29E297E4$W4N37W25S29W11N9W9S16E13S5W4S34E15S10EE15N10W4N25$PTR=N80USF=N12E4N30W33VES=W15SN25$S25W15N25W13S7E6S23E22S12E29$S80$PTR-E=E33N16W33S16$USF=N13W13S13E13$W30$.

IMPROVEMENT: 10 SINGLE FAMILY CUSTOM DOR: 0100 FIC DATE: 01/25/2018




BUILDING NOTES

QUA 4 ACT 1973 EFF 2005
ACREAGE 0.49
VALUE REVIEW 01/26/2018 PBRUNO

| DATE | ENTERED BY | NOTE |
|---|---|---|
| 12/30/1899 | LAND | ERLC 86 |

**2019 CERTIFIED VALUES**

| | |
|---|---|
| BLDG MKT VALUE | 1,549,797 |
| EX FEAT MKT VALUE | 45,376 |
| LAND MKT VALUE | 234,000 |
| TOTAL MKT VALUE | 1,829,173 |
| ASSESSED VALUE | 1,358,098 |
| BASE YEAR NHX: 2008 HX: 2007 | |
| EXEMPTIONS | 50,500 |

PERMITS

| SALES DT | BK | PG | IN | QU | VI | RC | PRICE | GRANTOR | GRANTEE | SALES NOTE |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/01/2005 | 5668 | 1546 | WD | U | I | X | 450,000 | | | |
| 01/01/1977 | 1089 | 309 | WD | O | I | Q | 100,000 | | | |

| CD | DESCRIPTION | YR ON | YRBLT | EFF | LEN | WIDTH | HGHT | UNITS | NOTES |
|---|---|---|---|---|---|---|---|---|---|
| PI | PIER | 2007 | | 2007 | 5 | 180 | 0 | 900 | 5X180 |
| PO | POOL | 0 | | 0 | 0 | 0 | 0 | 2,500 | IRREG |
| ZZ | MISC | 2011 | | 2011 | 10 | 60 | 0 | 600 | WALKOVER/FOOTBRIDG |
| GA | GAZEBO | 2013 | | 2013 | 13 | 13 | 0 | 169 | 13X13 |

| LAND USE | UNITS | TP |
|---|---|---|
| WATERFRONT - NON WORK | 95.00 | F |
| WATERFRONT - NON WORK | 100.00 | F |

REGIONS

Exhibit "D"

**9320 Scenic Hwy**

## Loan Transaction History *2916

| Transaction Type | Check Number | Description | Process Date | Effective Date | Transaction | Principal | Interest | Escrow | Optional Products | Suspense | Fees & Assessments | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Escrow disbursement | | | 06/11/2026 | | -$0.14 | $0.00 | $0.00 | -$0.14 | $0.00 | $0.00 | $0.00 | $0.00 |
| Payment | | | 06/10/2026 | 11/02/2025 | $0.14 | $0.00 | $0.00 | $0.14 | $0.00 | $0.00 | $0.00 | $0.00 |
| Escrow refund | | | 01/02/2026 | | -$0.14 | $0.00 | $0.00 | -$0.14 | $0.00 | $0.00 | $0.00 | $0.00 |
| Interest on escrow deposit | | | 12/31/2025 | 11/01/2025 | $0.14 | $0.00 | $0.00 | $0.14 | $0.00 | $0.00 | $0.00 | $0.00 |
| Escrow refund | | | 10/16/2025 | | -$16,649.33 | $0.00 | $0.00 | -$16,649.33 | $0.00 | $0.00 | $0.00 | $0.00 |
| Payment | | | 10/15/2025 | 11/02/2025 | $6,649.34 | $0.00 | $0.00 | $6,649.34 | $0.00 | $0.00 | $0.00 | $0.00 |
| Payment | | | 10/15/2025 | 11/02/2025 | $9,999.99 | $0.00 | $0.00 | $9,999.99 | $0.00 | $0.00 | $0.00 | $0.00 |
| Restricted escrow disbursement | | | 10/14/2025 | | -$1,080.88 | $0.00 | $0.00 | -$1,080.88 | $0.00 | $0.00 | $0.00 | $0.00 |
| Escrow refund | | | 10/14/2025 | | -$16,649.33 | $0.00 | $0.00 | -$16,649.33 | $0.00 | $0.00 | $0.00 | $0.00 |
| Interest on escrow deposit | | | 10/06/2025 | 11/01/2025 | $563.33 | $0.00 | $0.00 | $563.33 | $0.00 | $0.00 | $0.00 | $0.00 |
| Hazard insurance refund deposit | | | 09/30/2025 | 11/01/2025 | $16,086.00 | $0.00 | $0.00 | $16,086.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 09/26/2025 | 11/02/2025 | $193,546.00 | $0.00 | $0.00 | $0.00 | $0.00 | $193,546.00 | $0.00 | $0.00 |
| Loan paid in full | | | 09/26/2025 | 11/01/2025 | $0.00 | $191,003.47 | $2,542.53 | $0.00 | $0.00 | -$193,546.00 | $0.00 | $0.00 |
| Restricted escrow disbursement | | | 09/26/2025 | | -$193,546.00 | $0.00 | $0.00 | -$193,546.00 | $0.00 | $0.00 | $0.00 | $191,003.47 |
| Payment | | | 09/24/2025 | 10/02/2025 | $0.00 | $0.00 | $4,238.94 | $0.00 | $0.00 | $0.00 | $0.00 | $191,003.47 |
| Payment | | | 09/24/2025 | 10/02/2025 | $4,238.94 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $191,003.47 |
| Principal payment | | | 09/24/2025 | | $95,806.95 | $95,806.95 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $191,003.47 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Principal payment | | | 09/24/2025 | | $0.05 | $0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $286,810.42 |
| Principal payment | | | 09/24/2025 | | $99,999.99 | $99,999.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $286,810.47 |
| Principal payment | | | 09/24/2025 | | $99,999.99 | $99,999.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $386,810.46 |
| Principal payment | | | 09/24/2025 | | $99,999.99 | $99,999.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $486,810.45 |
| Principal payment | | | 09/24/2025 | | $99,999.99 | $99,999.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $586,810.44 |
| Principal payment | | | 09/24/2025 | | $95,761.05 | $95,761.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $686,810.43 |
| Escrow refund | | | 09/12/2025 | | -$316.74 | $0.00 | $0.00 | -$316.74 | $0.00 | $0.00 | $0.00 | $782,571.48 |
| Payment | | | 09/02/2025 | 09/02/2025 | $0.00 | $0.00 | $4,237.98 | $0.00 | $0.00 | $0.00 | $0.00 | $782,571.48 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 09/02/2025 | 09/02/2025 | $4,237.98 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $782,571.48 |
| Principal payment | | | 09/02/2025 | | $1.61 | $1.61 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $782,571.48 |
| Advance | | | 08/28/2025 | 08/04/2025 | $3,366.05 | $3,366.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $782,573.09 |
| Advance | RFND | FINS | 08/28/2025 | 11/01/2025 | $0.00 | $3,366.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $785,939.14 |
| Advance | | | 08/04/2025 | | $3,561.56 | $3,561.56 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Advance | WIRE | FINS EFF 073025 | 08/04/2025 | 11/01/2025 | $0.00 | -$3,561.56 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $792,866.75 |
| Hazard insurance refund deposit | | | 08/04/2025 | 08/01/2025 | $3,561.56 | $0.00 | $0.00 | $3,561.56 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 08/04/2025 | 08/02/2025 | $0.00 | $0.00 | $4,237.87 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 08/04/2025 | 08/02/2025 | $4,237.87 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Flood insurance disbursement | | | 08/04/2025 | 07/01/2026 | -$3,561.56 | $0.00 | $0.00 | -$3,561.56 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 07/16/2025 | 08/02/2025 | $316.74 | $0.00 | $0.00 | $316.74 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 06/30/2025 | 07/02/2025 | $0.00 | $0.00 | $4,214.99 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 06/30/2025 | 07/02/2025 | $4,214.99 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 06/02/2025 | 06/02/2025 | $0.00 | $0.00 | $4,095.97 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 06/02/2025 | 06/02/2025 | $4,095.97 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Advance | | | 05/12/2025 | | $26,200.00 | $26,200.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Advance | WIRE | FINS EFF 5/8/25 | 05/12/2025 | 11/01/2025 | $0.00 | -$26,200.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $815,505.19 |
| Hazard insurance refund deposit | | | 05/12/2025 | 06/01/2025 | $26,200.00 | $0.00 | $0.00 | $26,200.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Hazard insurance disbursement | | | 05/12/2025 | 05/01/2026 | -$26,200.00 | $0.00 | $0.00 | -$26,200.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 04/30/2025 | 05/02/2025 | $0.00 | $0.00 | $4,095.97 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 04/30/2025 | 05/02/2025 | $4,095.97 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Escrow refund | | | 04/30/2025 | | -$316.74 | $0.00 | $0.00 | -$316.74 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Interest on escrow deposit | | | 03/31/2025 | 05/01/2025 | $316.74 | $0.00 | $0.00 | $316.74 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 03/31/2025 | 04/02/2025 | $0.00 | $0.00 | $4,095.96 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 03/31/2025 | 04/02/2025 | $4,095.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 03/03/2025 | 03/02/2025 | $0.00 | $0.00 | $4,095.96 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 03/03/2025 | 03/02/2025 | $4,095.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 02/03/2025 | 02/02/2025 | $0.00 | $0.00 | $4,253.50 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |
| Payment | | | 02/03/2025 | 02/02/2025 | $4,253.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789,305.19 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Escrow refund | | | 01/16/2025 | | -$313.96 | $0.00 | $0.00 | -$313.96 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 01/02/2025 | 01/02/2025 | $4,411.03 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 01/02/2025 | 01/02/2025 | $0.00 | $0.00 | $4,411.03 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Interest on escrow deposit | | | 12/31/2024 | 01/01/2025 | $313.96 | $0.00 | $0.00 | $313.96 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 12/02/2024 | 12/02/2024 | $4,411.04 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 12/02/2024 | 12/02/2024 | $0.00 | $0.00 | $4,411.04 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Escrow refund | | | 10/31/2024 | | -$335.83 | $0.00 | $0.00 | -$335.83 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 10/28/2024 | 11/02/2024 | $4,726.10 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 10/28/2024 | 11/02/2024 | $0.00 | $0.00 | $4,726.10 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 10/02/2024 | 10/02/2024 | $4,726.12 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 10/02/2024 | 10/02/2024 | $0.00 | $0.00 | $4,726.12 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Interest on escrow deposit | | | 09/30/2024 | 10/01/2024 | $335.83 | $0.00 | $0.00 | $335.83 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 09/03/2024 | 09/02/2024 | $4,704.88 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 09/03/2024 | 09/02/2024 | $0.00 | $0.00 | $4,704.88 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Advance | WIRE | FINS EFF 073024 | 08/05/2024 | 09/01/2024 | $0.00 | -$3,625.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hazard insurance refund deposit | | | 08/05/2024 | 09/01/2024 | $3,625.00 | $0.00 | $0.00 | $3,625.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Flood insurance disbursement | WIRE | FINS EFF 073024 | 08/05/2024 | 07/01/2025 | -$3,625.00 | $0.00 | $0.00 | -$3,625.00 | $0.00 | $0.00 | $0.00 | $756,177.58 |
| Payment | | | 07/23/2024 | 08/02/2024 | $4,703.45 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Payment | | | 07/23/2024 | 08/02/2024 | $0.00 | $0.00 | $4,703.45 | $0.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Escrow refund | | | 07/18/2024 | | -$325.11 | $0.00 | $0.00 | -$325.11 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Interest on escrow deposit | | | 06/28/2024 | 08/01/2024 | $325.11 | $0.00 | $0.00 | $325.11 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Payment | | | 06/24/2024 | 07/02/2024 | $4,671.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Payment | | | 06/24/2024 | 07/02/2024 | $0.00 | $0.00 | $4,671.76 | $0.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Payment | | | 05/28/2024 | 06/02/2024 | $4,539.70 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Payment | | | 05/28/2024 | 06/02/2024 | $0.00 | $0.00 | $4,539.70 | $0.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Advance | WIRE | FINS EFF 050824 | 05/13/2024 | 06/01/2024 | $0.00 | -$26,200.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Hazard insurance refund deposit | | | 05/13/2024 | 06/01/2024 | $26,200.00 | $0.00 | $0.00 | $26,200.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Hazard insurance disbursement | WIRE | FINS EFF 050824 | 05/13/2024 | 05/01/2025 | -$26,200.00 | $0.00 | $0.00 | -$26,200.00 | $0.00 | $0.00 | $0.00 | $752,552.58 |
| Payment | | | 04/23/2024 | 05/02/2024 | $4,539.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 04/23/2024 | 05/02/2024 | $0.00 | $0.00 | $4,539.69 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Escrow refund | | | 04/19/2024 | | -$303.72 | $0.00 | $0.00 | -$303.72 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 04/01/2024 | 04/02/2024 | $4,539.70 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 04/01/2024 | 04/02/2024 | $0.00 | $0.00 | $4,539.70 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Interest on escrow deposit | | | 03/29/2024 | 04/01/2024 | $303.72 | $0.00 | $0.00 | $303.72 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 03/01/2024 | 03/02/2024 | $4,539.71 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 03/01/2024 | 03/02/2024 | $0.00 | $0.00 | $4,539.71 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 01/31/2024 | 02/02/2024 | $4,539.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 01/31/2024 | 02/02/2024 | $0.00 | $0.00 | $4,539.69 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Escrow refund | | | 01/22/2024 | | -$322.33 | $0.00 | $0.00 | -$322.33 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Interest on escrow deposit | | | 12/29/2023 | 02/01/2024 | $322.33 | $0.00 | $0.00 | $322.33 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 12/28/2023 | 01/02/2024 | $4,539.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 12/28/2023 | 01/02/2024 | $0.00 | $0.00 | $4,539.69 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 12/01/2023 | 12/02/2023 | $4,539.71 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 12/01/2023 | 12/02/2023 | $0.00 | $0.00 | $4,539.71 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 10/31/2023 | 11/02/2023 | $4,530.64 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 10/31/2023 | 11/02/2023 | $0.00 | $0.00 | $4,530.64 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Escrow refund | | | 10/23/2023 | | -$295.99 | $0.00 | $0.00 | -$295.99 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Interest on escrow deposit | | | 09/29/2023 | 11/01/2023 | $295.99 | $0.00 | $0.00 | $295.99 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 09/26/2023 | 10/02/2023 | $4,517.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 09/26/2023 | 10/02/2023 | $0.00 | $0.00 | $4,517.05 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Advance | WIRE | FINS EFF 073023 | 09/19/2023 | 10/01/2023 | $0.00 | -$3,625.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Hazard insurance refund deposit | | | 09/19/2023 | 10/01/2023 | $3,625.00 | $0.00 | $0.00 | $3,625.00 | $0.00 | $0.00 | $0.00 | $722,727.58 |
| Flood insurance disbursement | WIRE | FINS EFF 073023 | 09/19/2023 | 07/01/2024 | -$3,625.00 | $0.00 | $0.00 | -$3,625.00 | $0.00 | $0.00 | $0.00 | $726,352.58 |
| Payment | | | 08/22/2023 | 09/02/2023 | $4,341.24 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $722,727.58 |
| Payment | | | 08/22/2023 | 09/02/2023 | $0.00 | $0.00 | $4,341.24 | $0.00 | $0.00 | $0.00 | $0.00 | $722,727.58 |
| Payment | | | 08/01/2023 | 08/02/2023 | $4,220.11 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $722,727.58 |
| Payment | | | 08/01/2023 | 08/02/2023 | $0.00 | $0.00 | $4,220.11 | $0.00 | $0.00 | $0.00 | $0.00 | $722,727.58 |
| Escrow refund | | | 07/21/2023 | | -$262.03 | $0.00 | $0.00 | -$262.03 | $0.00 | $0.00 | $0.00 | $722,727.58 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hazard insurance refund deposit | | | 07/17/2023 | 08/01/2023 | $24,227.00 | $0.00 | $0.00 | $24,227.00 | $0.00 | $0.00 | $0.00 | $722,727.58 |
| Advance | WIRE | FINS EFF 050823 | 07/12/2023 | 08/01/2023 | $0.00 | -$24,227.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $722,727.58 |
| Hazard insurance disbursement | WIRE | FINS EFF 050823 | 07/12/2023 | 05/01/2024 | -$24,227.00 | $0.00 | $0.00 | -$24,227.00 | $0.00 | $0.00 | $0.00 | $722,727.58 |
| Interest on escrow deposit | | | 06/30/2023 | 08/01/2023 | $262.03 | $0.00 | $0.00 | $262.03 | $0.00 | $0.00 | $0.00 | $698,500.58 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 06/26/2023 | 07/02/2023 | $4,220.11 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Payment | | | 06/26/2023 | 07/02/2023 | $0.00 | $0.00 | $4,220.11 | $0.00 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Escrow refund | | | 06/05/2023 | | -$270.66 | $0.00 | $0.00 | -$270.66 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Payment | | | 05/23/2023 | 06/02/2023 | $4,074.58 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Payment | | | 05/23/2023 | 06/02/2023 | $0.00 | $0.00 | $4,074.58 | $0.00 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Payment | | | 05/01/2023 | 05/02/2023 | $3,929.07 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Payment | | | 05/01/2023 | 05/02/2023 | $0.00 | $0.00 | $3,929.07 | $0.00 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Interest on escrow deposit | | | 03/31/2023 | 05/01/2023 | $182.36 | $0.00 | $0.00 | $182.36 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Payment | | | 03/31/2023 | 04/02/2023 | $3,929.06 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,500.58 |
| Payment | | | 03/31/2023 | 04/02/2023 | $0.00 | $0.00 | $3,929.06 | $0.00 | $0.00 | $0.00 | $0.00 | $698,500.58 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 02/27/2023 | 03/02/2023 | $3,783.54 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Payment | | | 02/27/2023 | 03/02/2023 | $0.00 | $0.00 | $3,783.54 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Payment | | | 01/30/2023 | 02/02/2023 | $3,492.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Payment | | | 01/30/2023 | 02/02/2023 | $0.00 | $0.00 | $3,492.50 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Payment | | | 01/04/2023 | 01/02/2023 | $3,492.51 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Payment | | | 01/04/2023 | 01/02/2023 | $0.00 | $0.00 | $3,492.51 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Interest on escrow deposit | | | 12/30/2022 | 01/01/2023 | $88.30 | $0.00 | $0.00 | $88.30 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Payment | | | 12/01/2022 | 12/02/2022 | $3,055.95 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Payment | | | 12/01/2022 | 12/02/2022 | $0.00 | $0.00 | $3,055.95 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Payment | | | 10/25/2022 | 11/02/2022 | $2,619.48 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.65 |
| Payment | | | 10/25/2022 | 11/02/2022 | $0.00 | $0.00 | $2,619.48 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.65 |
| Principal payment | | | 10/25/2022 | | $0.07 | $0.07 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.58 |
| Misapplication reversal | | | 10/19/2022 | 11/01/2022 | $0.00 | $44.15 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $698,500.65 |
| Misapplication reversal | | | 10/19/2022 | 11/01/2022 | $0.00 | $0.00 | $0.00 | -$44.15 | $0.00 | $0.00 | | $0.00 | $698,500.65 |
| Interest on escrow deposit | | | 09/30/2022 | 11/01/2022 | $44.15 | $0.00 | $0.00 | $44.15 | $0.00 | $0.00 | | $0.00 | $698,544.80 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 09/26/2022 | 10/02/2022 | $2,619.55 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 09/26/2022 | 10/02/2022 | $0.00 | $0.00 | $2,619.55 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 09/02/2022 | 09/02/2022 | $2,182.94 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 09/02/2022 | 09/02/2022 | $0.00 | $0.00 | $2,182.94 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 08/01/2022 | 08/02/2022 | $1,746.36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 08/01/2022 | 08/02/2022 | $0.00 | $0.00 | $1,746.36 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Restricted escrow disbursement | | | 07/18/2022 | | -$38.82 | $0.00 | $0.00 | -$38.82 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Restricted escrow deposit | | | 07/12/2022 | 08/01/2022 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | -$38.82 | $0.00 | $698,544.80 |
| Payment | | | 07/11/2022 | 08/02/2022 | $0.00 | $0.00 | $0.00 | -$38.82 | $0.00 | $38.82 | $0.00 | $698,544.80 |
| Interest on escrow deposit | | | 06/30/2022 | 08/01/2022 | $38.82 | $0.00 | $0.00 | $38.82 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 06/30/2022 | 07/02/2022 | $1,746.36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 06/30/2022 | 07/02/2022 | $0.00 | $0.00 | $1,746.36 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 06/06/2022 | 06/02/2022 | $1,455.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 06/06/2022 | 06/02/2022 | $0.00 | $0.00 | $1,455.29 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | | | 04/25/2022 | 05/02/2022 | $1,309.78 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 04/25/2022 | 05/02/2022 | $0.00 | $0.00 | $1,309.78 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Escrow disbursement | | | 04/04/2022 | | -$33.59 | $0.00 | $0.00 | -$33.59 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Interest on escrow deposit | | | 03/31/2022 | 05/01/2022 | $33.59 | $0.00 | $0.00 | $33.59 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 03/21/2022 | 04/02/2022 | $1,309.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 03/21/2022 | 04/02/2022 | $0.00 | $0.00 | $1,309.77 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 02/22/2022 | 03/02/2022 | $1,309.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 02/22/2022 | 03/02/2022 | $0.00 | $0.00 | $1,309.77 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Escrow disbursement | | | 02/09/2022 | | -$39.24 | $0.00 | $0.00 | -$39.24 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 02/01/2022 | 02/02/2022 | $1,309.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 02/01/2022 | 02/02/2022 | $0.00 | $0.00 | $1,309.77 | $0.00 | $0.00 | $0.00 | $0.00 | $698,544.80 |
| Payment | | | 01/20/2022 | 02/02/2022 | $0.00 | $0.00 | $0.00 | $39.24 | $0.00 | -$39.24 | $0.00 | $698,544.80 |
| Payment | | | 01/19/2022 | 02/02/2022 | $0.00 | $0.00 | $0.00 | -$39.24 | $0.00 | $39.24 | $0.00 | $698,544.80 |
| Total Records: 168 | | | | | | | | | | | | | |

Equal Housing Lender Member FDIC ©2026 Regions Financial Corporation. All rights reserved. 1-800-REGIONS

Exhibit "E"

**POWELL INJURY LAW, P.A.**
**Dixie Dan Powell, Esq.**
Attorney At Law
CATASTROPHIC INJURY – MASS TORT
www.PowellInjuryLaw.com

602 South Main Street
Crestview, FL 32536
Office: (850) 306-2667

Fax: (850) 306-3263
Toll Free: (855) 902-4277
ddp@powellinjurylaw.com

November 5, 2021

**VIA US MAIL**
**VIA FACSIMILE: 843-413-7805**
Regions Bank
Attn Insurance Department
P O Box 200401
Florence, South Carolina 29502-0401

Regions Bank
PO Box 110
Hattiesburg, Mississippi 39403-0110

**RE: Mohamad Mikhchi**
**3780 Scenic Ridge,**
**Pensacola, FL 32514**
**NOTICE OF ERROR**
**Hazard Insurance**
**Second Request**

Dear Sir/Madam,

Please be advised that we represent the interest of Mohamad Mikhchi pursuant to the above referenced matter and to place Regions Bank on Notice of Improperly and Illegally Forced Placed Hazard Insurance on the above referenced property. This property located at 3780 Scenic Ridge, Pensacola, Florida was sold to Joshua and Ekaterina Lynch on September 11, 2020 and according to the title commitment and binder attached hereto Region's bank has mistakenly and intentionally forced placed Hazard Insurance on this property that was never included in the mortgage at a cost of $11,562 annually for a period of two (2) years. A copy of regions letter dated October 4, 2021 is also attached hereto.

Please be further advised that this forced placed coverage should be removed immediately and the estimated $11,562 for 2020 and $11,562 for 2021 plus any and all accrued interest should be immediately credited back to Dr. Mikhchi under loan number 0014137763 to avoid further legal action to include but not limited to Florida Deceptive Trade Practices, Predatory Lending, Civil Theft, and other claims to include punitive damages. Please provide proof that this error has been

corrected and the forced placed coverage premiums plus interest has been credited back to said loan account **within five (5) business days of the date of this letter.**

With kind personal regards, I remain,

Very truly yours,
*/s/ DIXIE DAN POWELL*
**DIXIE DAN POWELL**
**electronically signed to avoid delay

DDP/ss
Cc Mohamad Mikhchi,
Regions Legal
Enclosures

Exhibit "E"

**POWELL INJURY LAW, P.A.**
**Dixie Dan Powell, Esq.**
Attorney At Law
CATASTROPHIC INJURY – MASS TORT
www.PowellInjuryLaw.com

602 South Main Street
Crestview, FL 32536
Office: (850) 306-2667

Fax: (850) 306-3263
Toll Free: (855) 902-4277
ddp@powellinjurylaw.com

December 13, 2021

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED,**
**VIA FACSIMILE: 601-554-2781**
**ELECTRONICMAIL**
escalationsresearch@regions.com
Regions Bank
Attn: Mary Hinton
P.O. Box 110
Hattiesburg, Mississippi 39403-0110

**RE: Mohamad Mikhchi**
**3780 Scenic Ridge,**
**Pensacola, FL 32514**
**HELOC No. 0014137763**
**NOTICE OF ERROR**
**Hazard Insurance**
**Final Request**

Dear Ms. Hinton,

Please accept this letter as a response to your letter dated December 1, 2021 (copy enclosed) and a final attempt to have Regions correct this error as demanded in my letter (copy enclosed) dated November 5, 2021.

The property that you have forced placed coverage on **IS NOT INCLUDED** in your HELOC Home Equity Line of Credit No. 0014137763, as shown on Exhibit "A" of your mortgage. I have enclosed a copy of Exhibit "A" along with my title company's title insurance and opinion showing that the property is not included in the mortgage. The legal description of the property that was sold (not included in your HELOC) is as follows:

> Lots 13, 14, and 15, both inclusive of Scenic Ridge Subdivision being a portion of Section 2, Township 1 South, Range 29 West, Escambia County, Florida, as recorded in Plat Book 12, at Page 55 of the Public Records of said county.

Please be further advised that you need to deliver this correspondence to your legal department and this is formal notice and written demand for treble damages in the amount of $33,030.00 which represents the premium for LENDER PLACED INSURANCE (LPI) which was advanced from the line of credit of the LOC on March 16, 2021 under policy number 2MR1503575344 (11,010.00 X 3) and $34,686.00 for LENDER PLACED INSURANCE COVERAGE (LPI) premium of $11,562.00 which was advanced from the LOC on November 22, 2021 for LPI policy number 2MR1503575344 ($11,562.00 X 3). In addition, the statute provides for reasonable attorney fees and court costs in both a trial and appellate level.

With kind personal regards, I remain,

Very truly yours,
*/s/ DIXIE DAN POWELL*
**DIXIE DAN POWELL**
**electronically signed to avoid delay

DDP/ss
Cc Mohamad Mikhchi,
Regions Legal
Enclosures

**Regions Bank**
PO Box 18001
Hattiesburg, MS 39404-8001

Customer Service: 1-800-986-2462
Speech and
Hearing Impaired: 1-877-344-9716

REGIONS

DIXIE DAN POWELL, ESQ.
POWELL INJURY LAW, P.A.
602 SOUTH MAIN STREET
CRESTVIEW, FL 32536

December 1, 2021

Via Certified Mail:70161970000015142051
Your Client: Mohamad Mikhchi
HELOC Number: 0014137763
Property Address: 3780 Scenic Ridge
Pensacola, FL 32514-8151

Dear Mr. Powell:

Regions Bank d/b/a Regions Mortgage (hereafter referred to as "Regions" or "Regions Bank") is in receipt of your purported Notice of Error pursuant to 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under the RESPA, dated November 5, 2021, and received in our office on November 10, 2021.

Your letter alleges that Regions has illegally force placed hazard insurance on the property located at 3780 Scenic Ridge, Pensacola, Florida 32514. Your letter further alleges that this property was sold to a 3rd party on September 11, 2020.

Our records reflect that the above referenced property is held as collateral for our loan in accordance with the enclosed Credit Agreement and Disclosure and the enclosed Recorded Mortgage, both of which were signed by Mohamad Mikhchi and Christina M. Mikhchi on March 19, 2008. Regions was never notified of the alleged sale of this property and as of the date of this letter, we hold a lien on this property as our loan has not been satisfied. The Home Equity Line of Credit (HELOC) has a principal balance of $520,441.05, and the account is current with the next payment being due on December 14, 2021. If you would like a payoff quote for this loan, please contact our office at 800-986-2462 and one of our representatives will be happy to assist.

As our loan has not been satisfied, without evidence of current hazard insurance on the property, we are unable to cancel the Lender Placed Insurance (LPI) and credit the premium of $11,010.00, which was advanced from the line of credit on March 16, 2021 for LPI policy number 2MR1503575344, effective November 18, 2020 to November 18, 2021, and the LPI premium of $11,562.00, which was advanced on November 22, 2021 for LPI policy number 2MR1503575344, effective November 18, 2021 to November 18, 2022.

If you or your client has documentation reflecting that this loan has been paid in full, or if you have documentation of current insurance coverage, please forward that information for our review via fax at 601-554-2781, via e-mail to escalationsresearch@regions.com Attn: Mary, or you may mail the documentation to Regions Bank, P.O. Box 110, Hattiesburg, MS 39403, Attn: Mary Hinton.

**Exclusive address for Information Requests and Error Resolution: PO Box 110, Hattiesburg, MS 39403-0110**
"Regions Bank may be a debt collector under applicable law. This communication may be deemed an attempt to collect a debt, and any information obtained could be used for that purpose. If you are a successor in interest, this notice does not make you liable for the mortgage debt, and you will only be liable for the mortgage debt if you assume the mortgage loan obligation under State law." • Once enrolled, loan information is available 24 hours a day, 7 days a week at regionsmortgage.com
"Regions is an Equal Housing Lender."

**Regions Bank**
PO Box 18001
Hattiesburg, MS 39404-8001

Customer Service: 1-800-986-2462
Speech and
Hearing Impaired: 1-877-344-9716

REGIONS



Regions specifically disputes any claims, allegations or assertions contained or referenced in your correspondence. Neither anything contained in this letter nor any action or inaction by Regions will be construed as any agreement, consent, assent, authorization, or admission by Regions whatsoever, nor bar or stop Regions from taking any position or action whatsoever, nor constitute an appointment of any person or entity as Regions' agent or attorney-in-fact for any purpose whatsoever.

Please be advised that nothing contained herein should be interpreted or construed as an admission of liability or a waiver of claims and defenses or as a commitment on the part of Regions. Regions does not admit any liability whatsoever, and expressly denies the same, and retains all claims and defenses in law or equity.

For the reasons listed above, we find that Regions did not commit the alleged errors. Should you or your client have additional questions regarding this Notice of Error, please call me 800-986-2462 ext. 2781 between the hours of 7 am and 5:30 pm CT, Monday through Friday.

Sincerely,

*Mary Hinton*

Mary Hinton
Loan Servicing Escalation Specialist

NOTE: To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

**Exclusive address for Information Requests and Error Resolution: PO Box 110, Hattiesburg, MS 39403-0110**
"Regions Bank may be a debt collector under applicable law. This communication may be deemed an attempt to collect a debt, and any information obtained could be used for that purpose. If you are a successor in interest, this notice does not make you liable for the mortgage debt, and you will only be liable for the mortgage debt if you assume the mortgage loan obligation under State law." • Once enrolled, loan information is available 24 hours a day, 7 days a week at regionsmortgage.com
"Regions is an Equal Housing Lender."

**POWELL INJURY LAW, P.A.**
**Dixie Dan Powell, Esq.**
Attorney At Law
CATASTROPHIC INJURY – MASS TORT
www.PowellInjuryLaw.com

602 South Main Street
Crestview, FL 32536
Office: (850) 306-2667

Fax: (850) 306-3263
Toll Free: (855) 902-4277
ddp@powellinjurylaw.com

November 5, 2021

**VIA US MAIL**
**VIA FACSIMILE: 843-413-7805**
Regions Bank
Attn Insurance Department
P O Box 200401
Florence, South Carolina 29502-0401

Regions Bank
PO Box 110
Hattiesburg, Mississippi 39403-0110

**RE: Mohamad Mikhchi**
**3780 Scenic Ridge,**
**Pensacola, FL 32514**
**NOTICE OF ERROR**
**Hazard Insurance**
**Second Request**

Dear Sir/Madam,

Please be advised that we represent the interest of Mohamad Mikhchi pursuant to the above referenced matter and to place Regions Bank on Notice of Improperly and Illegally Forced Placed Hazard Insurance on the above referenced property. This property located at 3780 Scenic Ridge, Pensacola, Florida was sold to Joshua and Ekaterina Lynch on September 11, 2020 and according to the title commitment and binder attached hereto Region's bank has mistakenly and intentionally forced placed Hazard Insurance on this property that was never included in the mortgage at a cost of $11,562 annually for a period of two (2) years. A copy of regions letter dated October 4, 2021 is also attached hereto.

Please be further advised that this forced placed coverage should be removed immediately and the estimated $11,562 for 2020 and $11,562 for 2021 plus any and all accrued interest should be immediately credited back to Dr. Mikhchi under loan number 0014137763 to avoid further legal action to include but not limited to Florida Deceptive Trade Practices, Predatory Lending, Civil Theft, and other claims to include punitive damages. Please provide proof that this error has been

corrected and the forced placed coverage premiums plus interest has been credited back to said loan account **within five (5) business days of the date of this letter.**

With kind personal regards, I remain,

Very truly yours,
*/s/ DIXIE DAN POWELL*
**DIXIE DAN POWELL**
**electronically signed to avoid delay

DDP/ss
Cc Mohamad Mikhchi,
Regions Legal
Enclosures

I071FGFH

SCHEDULE A

THE FOLLOWING REAL PROPERTY SITUATE IN COUNTY OF ESCAMBIA AND STATE OF FLORIDA DESCRIBED AS FOLLOWS:

COMMENCE AT A CONCRETE MONUMENT AT THE INTERSECTION OF RANGES 29 AND 30 WEST AND THE NORTH LINE OF THE JOSEPH NORIEGA GRANT, SECTION 2, TOWNSHIP 1 SOUTH, RANGE 29 WEST, ESCAMBIA COUNTY, FLORIDA, THENCE RUN SOUTH WITH SAID RANGE LINE 1627.10 FEET TO A CONCRETE MONUMENT AT THE INTERSECTION OF SAID RANGE LINE WITH THE EAST RIGHT OF WAY LINE OF U.S. HIGHWAY 90 (SCENIC HWY, 80' R/W), THENCE RUN SOUTHEASTERLY ALONG SAID RIGHT OF WAY LINE 3023.90 FEET, THENCE DEFLECT AN ANGLE OF 90°00'00" TO THE RIGHT AND RUN WESTERLY 80.00 FEET TO A POINT ON THE WEST RIGHT OF WAY LINE OF U.S. 90 AND THE POINT OF BEGINNING, THENCE RUN SOUTH 59°10'29" WEST FOR 133.33 FEET, THENCE RUN NORTH 30°47'36" WEST 100.00 FEET, THENCE RUN NORTH 59°10'29" EAST FOR 133.33 FEET TO SAID WESTERLY RIGHT OF WAY OF U.S. 90, THENCE RUN SOUTH 30°47'36" EAST ALONG SAID WESTERLY RIGHT OF WAY FOR 100.00 FEET TO THE POINT OF BEGINNING. CONTAINING 0.31 ACRES MORE OR LESS.

PARCEL ID: 02-18-29-3003-001-001

PROPERTY ADDRESS: 3780 SCENIC RIDGE DR

**paralegal3**

**From:** Dixie Powell
**Sent:** Sunday, December 12, 2021 9:15 PM
**To:** paralegal3
**Subject:** FW: copy of regions mtg legal and deed where Mohamad purchased it
**Attachments:** 20200828132731.pdf

Dixie Dan Powell
**Powell INJURY Law, P.A.**
602 S. Main Street
Crestview, FL 32536
(850)306-2667 Office
(850)902-4277 Cell
(850)306-3263 Fax
855-902-4277 Toll Free
ddp@powellinjurylaw.com
www.powellinjurylaw.com

**From:** Otac Closer <otaccloser@outlook.com>
**Sent:** Friday, August 28, 2020 1:34 PM
**To:** Dixie Powell <ddp@powellinjurylaw.com>
**Subject:** copy of regions mtg legal and deed where Mohamad purchased it

This is copy of Regions mtg LEGAL and the deed where Mohamad purchased it - per research this legal is NOT PART OF LOTS 13, 14 and 15 which is what he is selling. Now he can use this sale to pay it off if he wants to -that is fine if he wants to do that – just let me know! ●

*Sheila S. Lundy*
Okaloosa Title & Abstract Co.
402 N. Main St.
Crestview, Fl 32536
850-682-6171
Fax – 850-689-0334
Email: otaccloser@okaloosatitle.com

OR BK 3478 PG 175

This Document Prepared By:
Lawrence C. Schill
Clark, Partington, Hart, Larry,
Bond, Stackhouse & Stone
Post Office Box 13010
Pensacola, Florida 32591-3010

Parcel ID Number: 02-1S-29-3003-001-001

## QUIT CLAIM DEED

KNOW ALL MEN BY THESE PRESENTS, that ROBERT ALLEN HEFFERNAN and R. SCOTT HOLLAND, Grantors, for and in consideration of Ten ($10.00) Dollars and all other good and valuable considerations, the receipt whereof is acknowledged, do remise, release, and quit claim unto MOHAMAD H. MIKHCHI and CONSTANCE M. MIKHCHI, husband and wife, Grantees, whose mailing address is 3780 Scenic Ridge Drive, Pensacola, FL 32514, Grantees' heirs and assigns, forever, the following described property, situated, lying and being in the County of Escambia, State of Florida, described as follows:

See Exhibit A

Together with all the estate and rights of Grantors in such property.

IN WITNESS WHEREOF, Grantors have hereunto set their hand and seal this 30th day of November, 1993.

Signed, sealed and delivered in our presence:

E. Dean Dalrymple
Print/Type Name of Witness

Karl G. Beasley
Print/Type Name of Witness

ROBERT ALLEN HEFFERNAN

E. Dean Dalrymple
Print/Type Name of Witness

Karl G. Beasley
Print/Type Name of Witness

R. SCOTT HOLLAND

This is what Mtg to Regions is on

STATE OF FLORIDA
COUNTY OF ESCAMBIA

The foregoing instrument was acknowledged before me this 30th day of November, 1993, by ROBERT ALLEN HEFFERNAN and R. SCOTT HOLLAND who (x) are personally known to me or who ( ) have produced ______________ as identification and who did not take an oath.

M. Jill Smith
(Print/Type Name)
NOTARY PUBLIC
Commission Number: AA 730447
My Commission Expires: 12/01/93

(NOTARIAL SEAL)

$.70
DATE 12-2-93
JOE A. FLOWERS, COMPTROLLER
BY: ________ D.C.
CERT. REG. #59-2043328-27-01

25 IN 32X

EXHIBIT "A"

Commence at a concrete monument at the intersection of Ranges 29 and 30 West and the North line of the Joseph Noriega Grant, Section 2, Township 1 South, Range 29 West, Escambia County, Florida, thence run South with said range line 1627.10 feet to a concrete monument at the intersection of said range line with the East Right of Way line of U.S. Highway 90 (Scenic Hwy, 80' R/W), thence run Southeasterly along said Right of Way line 3023.90 feet, thence deflect an angle of 90°00'00" to the right and run Westerly 80.00 feet to a point on the West Right of Way line of U.S. 90 and the Point of Beginning, thence run South 59°10'29" West for 133.33 feet, thence run North 30°47'36" West 100.00 feet, thence run North 59°10'29" East for 133.33 feet to said Westerly Right of Way of U.S. 90, thence run South 30°47'36" East along said Westerly Right of Way for 100.00 feet to the Point of Beginning. Containing 0.31 acres more or less.

Recorded in Public Records 04/14/2008 at 04:35 PM OR Book 6313 Page 1910, Instrument #2008028333, Ernie Lee Magaha Clerk of the Circuit Court Escambia County, FL Recording $69.50 MTG Stamps $1750.00 Int. Tax $1000.00

MIKHCHI, MOHAMAD

Record and Return To:
Fiserv Lending Solutions
P.O. BOX 2590
Chicago, IL 60690

This Mortgage prepared by:

Name: Donna Heigl
Company: Regions Bank
Address: P.O. BOX 830721, BIRMINGHAM, AL 35283

20080701536410
1330000730514

REGIONS

*DOC48502000000043271320007305140000000*

# MORTGAGE

## FOR USE WITH SECURED REVOLVING CREDIT AGREEMENT

**MAXIMUM LIEN.** The total amount of indebtedness secured by this Mortgage may decrease or increase from time to time, but the maximum amount of principal Indebtedness which may be outstanding at any one time shall not exceed $500,000.00., plus interest, and amounts expended or advanced by Lender for the payment of taxes, levies or insurance on the Property, and interest on such amounts.

THIS MORTGAGE dated March 19, 2008, is made and executed between MOHAMAD MIKHCHI, AKA MOHAMAD H MIKHCHI, whose address is 5101 NORTHPOINTE PKWY, PENSACOLA, FL 325147846; CHRISTINA M MIKHCHI, whose address is 5101 NORTHPOINTE PKWY, PENSACOLA, FL 325140000; both unmarried (referred to below as "Grantor") and Regions Bank, whose address is P.O. Box 830721, Birmingham, AL 35283 (referred to below as "Lender").

**GRANT OF MORTGAGE.** For valuable consideration, Grantor mortgages to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in ESCAMBIA County, State of Florida:

See EXHIBIT A, which is attached to this Mortgage and made a part of this Mortgage as if fully set forth herein.

The Real Property or its address is commonly known as 3780 SCENIC RIDGE, PENSACOLA, FL 325140000.

**REVOLVING LINE OF CREDIT.** This Mortgage secures the Indebtedness including, without limitation, a revolving line of credit under which, upon request by Grantor, Lender, within twenty (20) years from the date of this Mortgage, may make future advances to Grantor. Such future advances, together with interest thereon, are secured by this Mortgage. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit Limit as provided in the Credit Agreement. It is the intention of Grantor and Lender that this Mortgage secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in the Credit Agreement and any intermediate balance.

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF GRANTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT WITH THE CREDIT LIMIT OF $500,000.00, THE RELATED DOCUMENTS, AND THIS MORTGAGE. THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Mortgage, Grantor shall pay to Lender all amounts secured by this Mortgage as they become due and shall strictly perform all of Grantor's obligations under this Mortgage.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until Grantor's interest in any or all of the Property is foreclosed, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any

I071FGFH

SCHEDULE A

THE FOLLOWING REAL PROPERTY SITUATE IN COUNTY OF ESCAMBIA AND STATE OF FLORIDA DESCRIBED AS FOLLOWS:

COMMENCE AT A CONCRETE MONUMENT AT THE INTERSECTION OF RANGES 29 AND 30 WEST AND THE NORTH LINE OF THE JOSEPH NORIEGA GRANT, SECTION 2, TOWNSHIP 1 SOUTH, RANGE 29 WEST, ESCAMBIA COUNTY, FLORIDA, THENCE RUN SOUTH WITH SAID RANGE LINE 1627.10 FEET TO A CONCRETE MONUMENT AT THE INTERSECTION OF SAID RANGE LINE WITH THE EAST RIGHT OF WAY LINE OF U.S. HIGHWAY 90 (SCENIC HWY, 80' R/W), THENCE RUN SOUTHEASTERLY ALONG SAID RIGHT OF WAY LINE 3023.90 FEET, THENCE DEFLECT AN ANGLE OF 90°00'00" TO THE RIGHT AND RUN WESTERLY 80.00 FEET TO A POINT ON THE WEST RIGHT OF WAY LINE OF U.S. 90 AND THE POINT OF BEGINNING, THENCE RUN SOUTH 59°10'29" WEST FOR 133.33 FEET, THENCE RUN NORTH 30°47'36" WEST 100.00 FEET, THENCE RUN NORTH 59°10'29" EAST FOR 133.33 FEET TO SAID WESTERLY RIGHT OF WAY OF U.S. 90, THENCE RUN SOUTH 30°47'36" EAST ALONG SAID WESTERLY RIGHT OF WAY FOR 100.00 FEET TO THE POINT OF BEGINNING. CONTAINING 0.31 ACRES MORE OR LESS.

PARCEL ID: 02-18-29-3003-001-001

PROPERTY ADDRESS: 3780 SCENIC RIDGE DR

**paralegal3**

**From:** Dixie Powell
**Sent:** Sunday, December 12, 2021 9:22 PM
**To:** paralegal3
**Subject:** FW: copy of survey on Lynch purchase in Pensacola 20-101
**Attachments:** copy of survey.pdf

Print both of these emails and put in chair

Dixie Dan Powell
**Powell INJURY Law, P.A.**
602 S. Main Street
Crestview, FL 32536
(850)306-2667 Office
(850)902-4277 Cell
(850)306-3263 Fax
855-902-4277 Toll Free
ddp@powellinjurylaw.com
www.powellinjurylaw.com

**From:** otaccloser@okaloosatitle.com <otaccloser@okaloosatitle.com>
**Sent:** Wednesday, September 9, 2020 9:50 AM
**To:** Dixie Powell <ddp@powellinjurylaw.com>
**Subject:** copy of survey on Lynch purchase in Pensacola 20-101

Here you go

*Sheila S. Lundy*
Okaloosa Title & Abstract Co.
402 N. Main St.
Crestview, Fl 32536
850-682-6171
Fax – 850-689-0334
Email: otaccloser@okaloosatitle.com

# BOUNDARY SURVEY WITH IMPROVEMENTS OF A PORTION OF SECTION 2, TOWNSHIP 1 SOUTH, RANGE 29 WEST, ESCAMBIA COUNTY, FLORIDA




GRAPHIC SCALE




( IN FEET )
1 inch = 40 ft.

DESCRIPTION AS FURNISHED: (OFFICIAL RECORDS BOOK 5284, PAGE 960)
ALL OF LOTS 13, 14, AND 15, BOTH INCLUSIVE OF SCENIC RIDGE SUBDIVISION BEING A PORTION OF SECTION 2, TOWNSHIP 1 SOUTH, RANGE 29 WEST, ESCAMBIA COUNTY, FLORIDA, AS RECORDED IN PLAT BOOK 12, AT PAGE 55 OF THE PUBLIC RECORDS OF SAID COUNTY.

GENERAL NOTES:

1. THE BEARINGS AS SHOWN HEREON ARE REFERENCED TO THE ASSUMED BEARING OF SOUTH 54 DEGREES 10 MINUTES 29 SECONDS WEST ALONG THE SOUTH LINE OF THE PROPERTY AS PER THE RECORD PLAT OF SCENIC RIDGE AS RECORDED IN PLAT BOOK 12 AT PAGE 55 OF THE PUBLIC RECORDS OF ESCAMBIA COUNTY, FLORIDA.
2. THE SURVEY DATUM AS SHOWN HEREON IS REFERENCED TO THE DESCRIPTION AS FURNISHED AND TO EXISTING FIELD MONUMENTATION.
3. NO TITLE SEARCH WAS PROVIDED TO NOR PERFORMED BY NORTHWEST FLORIDA LAND SURVEYING, INC., FOR THE SUBJECT PROPERTY. THERE MAY BE DEEDS OF RECORD, UNRECORDED DEEDS, EASEMENTS, RIGHTS-OF-WAY, STATE AND/OR FEDERAL JURISDICTIONAL AREAS OR OTHER INSTRUMENTS WHICH COULD AFFECT THE SUBJECT PROPERTY.
4. THE PROPERTY AS SHOWN HEREON IS LOCATED IN FLOOD ZONE "X", OUTSIDE 0.2% ANNUAL CHANCE OF FLOOD, AS DETERMINED FROM FEDERAL EMERGENCY MANAGEMENT AGENCY FLOOD INSURANCE RATE MAP OF ESCAMBIA COUNTY, FLORIDA (UNINCORPORATED AREAS), MAP NUMBER 12033C 0515 G, REVISED SEPTEMBER 29, 2006.
5. THIS SURVEY DOES NOT DETERMINE OWNERSHIP.
6. THIS SURVEY MEETS THE STANDARDS OF PRACTICE AS SET FORTH BY THE FLORIDA BOARD OF PROFESSIONAL LAND SURVEYORS IN CHAPTER 5J-17.051 - 5J-17.053 FLORIDA ADMINISTRATIVE CODE, PURSUANT TO SECTION 472.027, FLORIDA STATUTES, TO THE BEST OF MY KNOWLEDGE AND BELIEF.
7. THE MEASUREMENTS AS SHOWN HEREON WERE MADE TO UNITED STATES STANDARDS.
8. THE MEASUREMENTS OF THE BUILDINGS AND/OR FOUNDATIONS SHOWN HEREON DO NOT INCLUDE CONCRETE FOOTERS OR EAVE OVERHANGS.
9. FENCE LOCATIONS SHOWN HEREON MAY BE EXAGGERATED AND NOT TO SCALE FOR CLARITY PURPOSES
10. FEDERAL AND STATE COPYRIGHT ACTS PROTECT THIS MAP FROM UNAUTHORIZED USE. THIS MAP IS NOT TO BE COPIED OR REPRODUCED IN WHOLE OR PART AND IS NOT TO BE USED FOR THE BENEFIT OF ANY OTHER PERSON, COMPANY OR FIRM, WITHOUT PRIOR WRITTEN CONSENT OF THE COPYRIGHT OWNER, FRED R. THOMPSON, AND IS TO BE RETURNED TO OWNER UPON REQUEST.
11. THIS DOCUMENT MUST BE COMPARED TO THE ORIGINAL HARD COPY ISSUED ON THE SURVEY DATE WITH A RAISED SEAL TO INSURE THE ACCURACY OF THE INFORMATION AND TO FURTHER INSURE THAT NO CHANGES, ALTERATIONS OR MODIFICATIONS HAVE BEEN MADE. NO RELIANCE SHOULD BE MADE ON A DOCUMENT TRANSMITTED BY COMPUTER OR OTHER ELECTRONIC MEANS UNLESS FIRST COMPARED TO THE ORIGINAL SIGNED AND SEALED DOCUMENT.
12. THIS SURVEY MAY BE SUBJECT TO ADDITIONAL REQUIREMENTS BY COUNTY, STATE OR OTHER AGENCIES.
13. ENCROACHMENTS ARE AS SHOWN.




DENOTES:

- ◉ ~ 1/2" CAPPED IRON ROD, NUMBERED 7277 (PLACED)
- ◐ ~ 1/2" CAPPED IRON ROD, NUMBERED 1748 (FOUND)
- ◎ ~ 1/2" CAPPED IRON ROD, ILLEGIBLE (FOUND)
- ● ~ 1/2" IRON ROD, UNNUMBERED (FOUND)

(D) ~ DEED INFORMATION
(P) ~ PLATTED INFORMATION
(F) ~ FIELD INFORMATION
R/W ~ RIGHT OF WAY
P.C. ~ POINT OF CURVATURE
B.S.L. ~ BUILDING SETBACK LINE
P.O.B. ~ POINT OF BEGINNING
O.R. ~ OFFICIAL RECORD
PG. ~ PAGE

MENTS


Property Includ in Heloc
3780 Scenic Ridge
Ours
NOT INCLUDED
U.S. HIGHWAY SCENIC HIGHWAY
SCENIC RIDGE DRIVE (60' R/W)
1.11 ACRES±
2 STORY BRICK RESIDENCE
2 STORY STONE SIDED RESIDENCE
GAZEBO
FOUNTAIN
CONCRETE DRIVEWAY
LIFT STATION
LOT 12
LOT 14
NORTHWEST FLORIDA LAND SURVEYING, I
7142 BELGIUM CIRCLE, PENSACOLA, FLORIDA




NORTHWEST FLORIDA LAND SURVEYING, INC.
7542 BELGIUM CIRCLE, PENSACOLA, FLORIDA 32526

02/12/2020

FRED R. THOMPSON, PROFESSIONAL LAND SURVEYOR

3780 SCENIC RIDGE DRIVE

| | | | |
|---|---|---|---|
| BOUNDARY SURVEY WITH IMPROVEMENTS<br>OF A PORTION OF SECTION 2, TOWNSHIP 1 SOUTH, RANGE 29 WEST, ESCAMBIA COUNTY, FLORIDA<br>PREPARED FOR AND REQUESTED BY: MOHAMAD MIKHCHI | NORTHWEST FLORIDA LAND SURVEYING, INC.<br>A PROFESSIONAL SERVICE ORGANIZATION | NOT VALID WITHOUT THE SIGNATURE AND ORIGINAL RAISED SEAL OF A FLORIDA LICENSED PROFESSIONAL LAND SURVEYOR | REVISIONS |
| PROJECT NO. 23246 — NO. 1 of 1 | SCALE 1"=40' — CREW CHIEF RM — DRAWN JAS — CHECKED FRT — DATE 2/12/20 | | |

| NO. | DATE | APPR. | REVISIONS |
|---|---|---|---|
| | | | |

Exhibit "F"

**From:** Dixie Dan Powell
**To:** Dixie Dan Powell
**Subject:** L
**Date:** Wednesday, July 29, 2026 5:50:10 PM
**Attachments:** IMG_2771.PNG
IMG_2770.PNG
IMG_2769.PNG
IMG_2768.PNG

---


07:07
96
usa.experian.com

REGIONS BANK
experian

Status
Closed. Balloon payment of $88,338 due Mar 2028.

Status updated
Jun 2026

Highest balance
$561,064

## Additional info

Responsibility
Joint

Company sold
-

07:07

usa.experian.com

**REGIONS BANK**
experian

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct |
|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | 30 | CLS | CLS | CLS | CLS | CLS | - | - | - | - |
| 2025 | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS |
| 2024 | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS |
| 2023 | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS |
| 2022 | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS |
| 2021 | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS |
| 2020 | - | - | - | - | - | - | - | - | - | - |

## PAYMENT HISTORY LEGEND

30 Past due 30 days

CLS Closed

- Data Unavailable

07:07 96

usa.experian.com

**REGIONS BANK**

experian

×

## Account info

Account number

401001XXX

Open/closed

Closed

Account type

Home Equity

## Payment summary

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct |
|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | 30 | CLS | CLS | CLS | CLS | CLS | - | - | - | - |
| 2025 | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS | CLS |

07:06

96

usa.experian.com

**REGIONS BANK**

experian

×

POTENTIALLY NEGATIVE

| | |
|---|---|
| $87,784 | $500,000 |
| Balance | Credit Limit |

Balance updated
Jun 05, 2026

Min. monthly payment
$352

Date opened
Mar 21, 2008

Sent from my iPhone

# Escambia County Receipt of Transaction

## Receipt # 2026064549

**Cashiered by: rlong**

Pam Childers
Clerk of Court
Escambia County, Florida

**Received From**

**POWELL, DIXIE D**
**2033 W JAMES LEE BLVD**
**CRESTVIEW, FL 32536**

**On Behalf Of:**
MOHAMAD MIKHCHI
9320 SCENIC HWY.
PENSACOLA, FL 32514

On: 7/30/26 2:39 pm
Transaction # 102136623

**CaseNumber 2026 CA 001181**

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (CA1) CIRCUIT CIVIL FILING FEE | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CA93) ISSUANCE OF SUMMONS | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| EFILING | 19914001 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | **Payments Total:** | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

Credit Card Convenience fee of 3.5% is non-refundable.

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**MOHAMAD MIKHCHI** ,et al.

PLAINTIFF,

Vs.

CASE NO: **2026 CA 001181**

DIVISION: **E-CIVIL**

**REGIONS BANK DBA REGIONS MORTGAGE**

DEFENDANT,

**SUMMONS**

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **REGIONS BANK DBA REGIONS MORTGAGE C/O CORPORATION SERVICE COMPANY, AS REGISTERED AGENT 1201 HAYS STREET TALLAHASSEE, FL 32301**

Each defendant is hereby required to serve written defenses to said complaint on plaintiff's attorney(s), whose address is

**DIXIE D POWELL**
**2033 W JAMES LEE BLVD**
**CRESTVIEW, FL 32536**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **30th day of July, 2026**

PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: ______________________

Deputy Clerk

CLERK OF THE CIRCUIT COURT ESCAMBIA COUNTY, FLORIDA

* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

Filing # 254659464 E-Filed 08/12/2026 10:06:04 AM

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**CIVIL DIVISION**

MOHAMAD MIKHCHI, CHRISTINA STEMLER,

Plaintiffs, Case No.: 2026 CA 001181

v. Division: E-CIVIL

REGIONS BANK,

Defendant.

______________________________________________/

**ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING**

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2024-25, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2024-25;
2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service ("Notice") with the Court that includes the following:
   a. a statement that the last of all named Defendants to be served has been served;
   b. the date of said service;
   c. a proposal as to whether the case should be designated as complex under Florida Rule of Civil Procedure 1.201, streamlined, or general as defined in Florida Rule of Civil Procedure 1.200;
   d. a statement as to whether the Defendant concurs in the proposed case designation.
3. Upon filing the Notice required in paragraph 2, the Plaintiff shall also serve a copy of the Notice to the **assigned** Judge's judicial assistant via the Proposed Documents function of the ePortal.

**Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.**

**DONE AND ORDERED** in Chambers at Pensacola, Florida.

08/10/2026 16:52:41
2026 CA 001181

signed by CIRCUIT COURT JUDGE PAUL BAILEY 08/10/2026 04:52:41 Y7Ys19DL

**In cases wherein one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order/Judgment upon any *pro se* party who does not have access to and is not a registered user of Florida Court's e-Filing Portal.**

SERVICE LIST

MOHAMAD MIKHCHI
CHRISTINA STEMLER

DIXIE POWELL
DDP@POWELLINJURYLAW.COM

Filing # 255294624 E-Filed 08/20/2026 12:24:11 PM

# RETURN OF SERVICE

**State of Florida** **County of Escambia** **Circuit Court**

Case Number: 2026 CA 001181

Plaintiff/Petitioner:
**MOHAMAD MIKHCHI, ET AL**

vs.

Defendant/Respondent:
**REGIONS BANK D/B/A REGIONS MORTGAGE**

For:
DIXIE DAN POWELL
POWELL INJURY LAW, P.A.
2033 W. JAMES LEE BLVD
CRESTVIEW, FL 32536

Received by THORNTON PROCESS SERVICE on the 14th day of August, 2026 at 4:51 pm to be served on **REGIONS BANK D/B/A REGIONS MORTGAGE C/O CORPORATION SERVICE COMPANY, AS REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, MARY GREEN, do hereby affirm that on the **17th day of August, 2026** at **2:15 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, CIVIL COVER SHEET, COMPLAINT AND DEMAND FOR JURY TRIAL and EXHIBITS** with the date and hour of service endorsed thereon by me, to: **SHEENA BLACK** as **Registered Agent** at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301** on behalf of **REGIONS BANK D/B/A REGIONS MORTGAGE**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 37+, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 135, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**MARY GREEN**
Certified Process Server #243

**THORNTON PROCESS SERVICE**
**1559 West Kingsfield Rd**
**Cantonment, FL 32533**
**(850) 478-3333**

Our Job Serial Number: TTH-2026007915
Ref: 2026007915

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

Filing # 255294624 E-Filed 08/20/2026 12:24:11 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**

MOHAMAD MIKHCHI and
CHRISTINA STEMLER, **CASE NO.** 2026 CA 1181

Plaintiffs,

v.

REGIONS BANK d/b/a REGIONS MORTGAGE,

Defendants.
_______________________________________/

**PLAINTIFF'S NOTICE OF FINAL SERVICE**

Plaintiffs, MOHAMAD MIKHCHI and CHRISTINA STEMLER, by and through the undersigned counsel, pursuant to Administrative Order 2024-25, Amended, hereby files this Notice of Final Service and requesting the Court issue a Case Management Order, and further states as follows:

1. All Defendants have been served.
2. The date of final service on Defendant(s) was August 17, 2026.
3. This case should be designated as General.
4. By copy of this notice by e-portal to opposing counsel the undersigned would request that if counsel does not concur that the case should be designated as general then to advise and an amended notice will be filed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via the Florida E-Portal and/or electronic mail to the Judicial Assistant to the assigned Judge on August 20, 2026.

*/s/ Dixie Dan Powell*
**DIXIE DAN POWELL, ESQUIRE**
Fla. Bar No. 0603694
**POWELL INJURY LAW**
2033 W. James Lee Blvd.
Crestview, Florida 32536
Ph.: (850) 306-2667

Fax: (850) 306-3263
ddp@powellinjurylaw.com
paralegal3@powellinjurylaw.com
*Attorney for Plaintiffs*

Filing # 256237301 E-Filed 09/02/2026 10:42:35 AM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**

MOHAMAD MIKHCHI and
CHRISTINA STEMLER, **CASE NO.** 2026 CA 1181

Plaintiffs,

v.

REGIONS BANK d/b/a REGIONS MORTGAGE,

Defendants.
_______________________________________/

**NOTICE OF EMAIL DESIGNATIONS FOR SERVICE**

The undersigned counsel for the Plaintiff files this Notice pursuant to Rule 2.516, *Florida Rules of Judicial Administration*, and hereby gives notice of the designated email addresses for service of documents in this matter:

Primary: ddp@powellinjurylaw.com

Secondary: paralegal3@powellinjurylaw.com

Secondary: paralegal2@powellinjurylaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via the Florida E-Portal and/or electronic mail on September 1, 2026, to counsel of record below:

Allison Zunica, Esq.
Zelma Frederick, Esq.
Louis Ursini, III, Esq.
Adams & Reese, LLP
100 N. Tampa Street, Suite 4000
Tampa, FL 33602
Allison.Zunica@arlaw.com
Zelma.Frederick@arlaw.com
Louis.Ursini@arlaw.com
Counsel for Defendant

/s/ *Dixie D. Powell*

**DIXIE D. POWELL, ESQ.**
Fla. Bar No. 0603694
**POWELL INJURY LAW, P.A.**
2033 W. James Lee Blvd.
Crestview, Florida 32536
Telephone: (850) 306-2667
Facsimile: (850) 306-3263
ddp@powellinjurylaw.com
paralegal3@powellinjurylaw.com
paralegal2@powellinjurylaw.com
Counsel for Plaintiffs

Filing # 256257552 E-Filed 09/02/2026 12:53:29 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**

MOHAMAD MIKHCHI and
CHRISTINA STEMLER, **CASE NO.** 2026 CA 1181

Plaintiffs,

v.

REGIONS BANK d/b/a REGIONS MORTGAGE,

Defendants.
_______________________________________/

**NOTICE OF APPEARANCE OF CO-COUNSEL FOR PLAINTIFFS AND DESIGNATION OF EMAIL ADDRESSES**

PLEASE TAKE NOTICE that Brandon Stewart, Esquire, of STEWART LAW FIRM hereby enters his appearance as Co-Counsel for the Plaintiffs, MOHAMAD MIKHCHI and CHRISTINA STEMLER, in the above-styled case. Please direct all pleadings, notices, and discovery to the attention of the undersigned at the email addresses provided herein.

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Counsel for Plaintiffs hereby designates primary and secondary email addresses as follows:

Primary: Bstewart@bstewartlawfirm.com

Secondary: Staff@bstewartlawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via the Florida E-Portal and/or electronic mail on September 2, 2026, to counsel of record below:

Allison Zunica, Esq.
Zelma Frederick, Esq.
Louis Ursini, III, Esq.
Adams & Reese, LLP

100 N. Tampa Street, Suite 4000
Tampa, FL 33602
Allison.Zunica@arlaw.com
Zelma.Frederick@arlaw.com
Louis.Ursini@arlaw.com
Counsel for Defendant

*/s/ Brandon "Brad" Stewart*__________

BRANDON "BRAD" STEWART
Florida Bar No. 0036613
Stewart Law Firm
The Barbara D. Stewart Building
215 North Main Street
Crestview, FL 32536
Tel. (850) 689-4529
Fax (850) 689-6663
E-Mail: staff@bstewartlawfirm.com
Co-Counsel for Plaintiffs

Filing # 256342489 E-Filed 09/03/2026 11:19:43 AM

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

**MOHAMMAD MIKHCHI and**
**CHRISTINA STEMLER,**
**Plaintiffs,**
**vs.**

**CASE NO.: 2026-CA-001181**
**DIVISION: E**

**REGIONS BANK d/b/a REGIONS**
**MORTGAGE,**
**Defendant.**

---

**ORDER OF RECUSAL AND REASSIGNMENT**

The undersigned Circuit Judge does hereby recuse himself from further participation in this cause. It is hereby,

**ORDERED and ADJUDGED** that in accordance with the Administrative Order regarding reassignment of cases, the Escambia County Clerk of Court is directed to reassign the above case to the Honorable Circuit Judge Stephen Pitre, Division 'F'.

**DONE AND ORDERED** in Chambers at Pensacola, Escambia County, Florida.

09/03/2026 10:16:13
2026 CA 001181
signed by CIRCUIT COURT JUDGE PAUL BAILEY 09/03/2026 10:16:13 fONLEB1q

***In cases wherein one party is unrepresented (pro se), it is the responsibility of the sole attorney in the case to serve within five business days this Order/Judgment upon any pro se party who does not have access to and is not a registered user of Florida Court's e-Filing Portal.***

Honorable Circuit Court
Judge Stephen Pitre
Civil Division 'F'